[No. 38943-2-I.   Division One.   February 9, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. DOUGLAS ENSTONE, *Appellant.*

*James R. Dixon* and *Kathryn A. Russell* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Lisa N. O'Toole, Deputy*, for respondent.

PER CURIAM —Douglas Enstone pleaded guilty to second degree assault after he severely injured another person. The court ordered Enstone to pay $30,967.75 in restitution, the amount paid by the State for treatment of the victim's injuries. Enstone appeals, contending that, among other things, restitution should not have been awarded since the injuries to the victim were not foreseeable. We hold that, under RCW 9.94A.142, foreseeability plays no role in determining whether defendants should pay restitution for the physical injuries to their victims and affirm.

## FACTS

H.J. was injured when Enstone pushed her out the front door of his residence. Within minutes, emergency personnel arrived and transported H.J. to a nearby hospital where

she underwent extensive surgery to treat her head injuries. The State later charged Enstone with first degree assault. He pleaded guilty to the reduced charge of second degree assault and agreed to pay restitution.

A restitution hearing was scheduled for May 15, 1996. Neither Enstone nor his attorney attended the scheduled hearing. The court nevertheless ordered Enstone to pay $30,967.75 in restitution.

Enstone thereafter moved to modify or set aside the restitution award. Another hearing was held on June 3, 1996. At that hearing, the court ultimately decided that "[t]he order signed 15 May 1996 shall remain in effect" and that restitution was to be paid in the amount of $30,967.75. This appeal followed.

## DECISION

■ The power to impose restitution is derived solely from statutes.[1] Under RCW 9.94A.142(2), the sentencing court is required to order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." When restitution is authorized, the amount of restitution includes "easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury."[2]

Enstone contends that the trial court exceeded its statutory authority when it determined that he was responsible for all the medical expenses incurred for treatment of H.J.'s injuries. He maintains that foreseeability plays an essential role in deciding whether restitution may properly be imposed. Because he had no reason to suspect that H.J. would suffer serious head injuries from being pushed out the front door of his residence, Enstone argues that he should not be required to pay for the medical expenses incurred as a result of those injuries. Thus, Enstone claims

[1]*State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

[2]RCW 9.94A.142(1).

he cannot be ordered to pay restitution for the entire cost of H.J.'s medical care. We disagree.

We recognize that some courts in Washington have suggested that restitution is appropriate only if the victim's ultimate damages are foreseeable to the defendant.[3] But it is important to distinguish restitution cases involving recovery for injuries from those involving restitution for other losses and damages. Whatever role foreseeability may play in the latter cases, it plays no role in deciding whether defendants should pay for the physical injuries to their victims. Instead, the plain language of RCW 9.94A.142(1) controls. The statute specifically authorizes restitution for "actual expenses incurred for treatment for injury to persons."

Furthermore, "statutes authorizing restitution must be interpreted to carry out the expressed intent of the Legislature."[4] One of the stated goals of the restitution statutes is to require the offender "to face the consequences of his criminal conduct."[5] Nor should these statutes be given "an overly technical construction which would permit the defendant to escape from just punishment."[6] It would not serve the purpose or policy underlying RCW 9.94A.142 to allow Enstone to escape full responsibility for his assault by denying restitution simply because he did not anticipate or otherwise foresee the harmful consequences of his assaultive behavior.

For these reasons, we will not read into the statute a requirement that the injuries to the victim be foreseeable. Thus, criminal defendants such as Enstone take their injured victims as they find them, latent frailties and all. As the trial judge aptly stated:

I do not believe that foreseeability, in fact, is the test. You take

---

[3]*See State v. Clapp*, 67 Wn. App. 263, 276, 834 P.2d 1101 (1992).

[4]*Davison*, 116 Wn.2d at 920.

[5]*Davison*, 116 Wn.2d at 922.

[6]*Davison*, 116 Wn.2d at 922.

your victims as you find them. [H.J.] even though she was intoxicated, was, in fact, pushed and dragged by [Enstone], who may not have known exactly what he was doing, but nevertheless there were some damages that occurred.

In this setting, restitution is appropriate so long as there is a causal connection between the crime and the injuries for which compensation is sought.[7] A causal connection exists when, "but for" the offense committed, the loss or damages would not have occurred.[8]

Here, the State established the necessary causal relationship between Enstone's assault and H.J.'s medical expenses. Enstone does not dispute that he was the sole cause of her head injuries. Nor is it disputed that she required emergency brain surgery as a result of those injuries. Because H.J. would not have had to be treated at the hospital but for her serious head injuries, there was a sufficient causal relationship between the assault and the restitution imposed.

The remainder of this opinion lacks precedential value and will not be published in the Washington Appellate Reports but will be filed in accordance with RCW 2.06.040.

Review granted at 136 Wn.2d 1007 (1998).

---

[7]*Davison*, 116 Wn.2d at 920.

[8]*State v. Hunotte*, 69 Wn. App. 670, 676, 851 P.2d 694 (1993).