[No. 65662-2. En Banc.]
Argued January 26, 1999. Decided April 15, 1999.
THE STATE OF WASHINGTON, *Respondent*, v. DOUGLAS ENSTONE, *Petitioner*.

*Nielsen, Broman & Associates, P.L.L.C.*, by *James R. Dixon*; and *Kathryn A. Russell*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Lisa N. O'Toole* and *James M. Whisman, Deputies*, for respondent.

ALEXANDER, J. — The sole issue presented by this appeal is whether the trial court erred in ordering the defendant, Douglas Enstone, to pay restitution for a crime victim's actual medical expenses absent a finding that the victim's injuries, for which the expenses were incurred, were foreseeable. We conclude that a finding of foreseeability is not a necessary element for a restitution order and, consequently, affirm the decision of the Court of Appeals upholding the trial court's restitution order.

Douglas Enstone pleaded guilty in King County Superior Court to a charge of assault in the second degree. The charge arose out of an incident in which Enstone pushed Helen Janes out his front door. As a consequence of Enstone's actions, Janes, who was intoxicated, fell down Enstone's cement stairs and landed on her head. According to the State, Enstone then picked Janes up, threw her down again, and repeatedly kicked her until she was unconscious. Although Enstone did not entirely acknowledge the facts advanced by the State, he does not deny that he shoved Janes and, indeed, he conceded in his guilty plea that he "intentionally assault[ed] [Janes] . . . thereby recklessly inflicting substantial bodily harm." Clerk's Papers (CP) at 5. In any case, the injuries that Janes suffered were life-threatening, and emergency surgery was required to save her life.

The trial judge imposed a standard range sentence and ordered Enstone to pay restitution of $30,967.75, an amount equal to the sum of money that the Department of

Social and Health Services paid to cover Janes's medical bills. Enstone thereafter moved to modify or vacate the restitution order, contending, among other things, that Janes's injuries were not foreseeable. The trial court denied Enstone's motion indicating that:

> [T]here's no question that [Enstone] pushed the victim, that she landed on her head, that the damages occurred. There is no statutory reference that I would find that this type of offense is one that constitutes an extraordinary circumstance which would make restitution inappropriate.
>
> I do not believe that foreseeability, in fact, is the test. You take your victims as you find them. That person, even though she was intoxicated, was, in fact, pushed and dragged by the defendant, who may not have known exactly what he was doing, but nevertheless there were some damages that occurred. They are properly assigned to the defendant.

Verbatim Report of Proceedings at 12 (June 3, 1996).

Enstone appealed the trial court's decision to the Court of Appeals, which affirmed, concluding that foreseeability is irrelevant and that restitution is proper "so long as there is a causal connection between the crime and the injuries for which compensation is sought." *State v. Enstone*, 89 Wn. App. 882, 886, 951 P.2d 309, *review granted*, 136 Wn.2d 1007, 966 P.2d 903 (1998). We thereafter granted Enstone's petition for review strictly on the question of whether foreseeability is a necessary element of a restitution award.

Enstone asserts that the Court of Appeals erred in affirming the superior court's restitution order. He argues here, as he did at the Court of Appeals, that the trial court's order runs counter to the "long-standing requirement that restitution may only be ordered for reasonably foreseeable damages." Supplemental Br. of Pet'r at 5. More specifically, Enstone argues that because he had no reason to suspect that Janes would suffer serious head injuries when he pushed her out of the door of his residence, he should not be required to pay for the resulting medical expenses. The State responds to Enstone's argument by asserting that we

should uphold the restitution order on the basis of Enstone's acknowledgement that Janes's injuries came about as a result of his assault upon her.[1] It notes, in that regard, that "[t]he plain language of the unambiguous restitution statute requires only a causal connection between the defendant's crime and the victim's injuries in order for restitution to be ordered." Supplemental Br. of Resp't at 18.

RCW 9.94A.142, the restitution statute at issue in this case, provides, in relevant part, as follows:

> (1) . . . [R]estitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, *actual expenses incurred for treatment for injury to persons*, and lost wages resulting from injury. . . .

> (2) *Restitution shall be ordered* whenever the offender is convicted of an offense which *results in injury* to any person . . . unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record. *In addition, restitution shall be ordered* to pay for an injury, loss, or damage *if the offender pleads guilty* to a lesser offense . . . .

(Emphasis added.)

■ ■ In enacting RCW 9.94A.142, the Legislature granted broad power to the trial court to order restitution. *See State v. Smith*, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992). Moreover, when restitution "is authorized by statute, imposition of restitution is generally within the discretion of the trial court and *will not be disturbed on appeal* absent an abuse of discretion." *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991) (emphasis added); *State v. Fleming*, 75 Wn. App. 270, 274, 877 P.2d 243 (1994), *petition dismissed*, 129 Wn.2d 529, 919 P.2d 66 (1996). "An abuse of discretion occurs only when the decision or order of the court is ' "manifestly unreasonable, or exercised on

---

[1]Enstone's counsel conceded at the trial court that "there [was] clearly a causal connection between the injuries suffered by Ms. Janes and [his] conduct." Supplemental Br. of Pet'r, App. A at 4.

untenable grounds, or for untenable reasons." ' " *State v. Cunningham*, 96 Wn.2d 31, 34, 633 P.2d 886 (1981) (quoting *State v. Blight*, 89 Wn.2d 38, 41, 569 P.2d 1129 (1977)).

■ The State correctly observes that the aforementioned restitution statute makes no reference to a requirement that a crime victim's damages be foreseeable in order to support a restitution order. The statute simply says that restitution for "actual expenses incurred for treatment" shall be ordered "whenever the offender is convicted of an offense which results in injury to any person." RCW 9.94A.142(1), (2). We agree with the Court of Appeals that this statute unambiguously provides a trial court with the discretion to order a defendant to pay restitution for the expenses that are caused by his or her criminal acts. This holding is not only consistent with the plain language of the statute, but also the principle that statutes authorizing restitution should be interpreted to carry out the goals of the restitution statute, one of which is to "require[] the defendant to face the consequences of his criminal conduct." *Davison*, 116 Wn.2d at 922. The statute is, in short, clear and cannot be read to allow an individual to avoid paying restitution on the basis that he or she did not foresee the harmful consequences of his or her conduct.

Clearly the Legislature could have added a foreseeability requirement to the restitution statute if it had been so inclined. We are satisfied that the Legislature understands the concept of "foreseeability," as evidenced by its frequent use of that term in other statutes. *See, e.g.*, RCW 9.94A.127(1); RCW 19.146.030(4); RCW 28A.150.290(2)(a), (b); and RCW 39.92.030(8). Because the Legislature did not include such a requirement in the statute, we are compelled to conclude that it did not intend to require a sentencing court to find that a victim's damages are foreseeable before ordering a defendant to pay restitution under RCW 9.94A.142. *See United Parcel Serv., Inc. v. Department of Revenue*, 102 Wn.2d 355, 362, 687 P.2d 186 (1984) (holding that it is an "elementary rule that where the Legislature uses certain statutory language in one

instance, and different language in another, there is a difference in legislative intent") (citing *Seeber v. Public Disclosure Comm'n*, 96 Wn.2d 135, 139, 634 P.2d 303 (1981)); *see also Jenkins v. Bellingham Mun. Court*, 95 Wn.2d 574, 579, 627 P.2d 1316 (1981) ("This court cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or an inadvertent omission."); *State v. Taylor*, 97 Wn.2d 724, 728, 649 P.2d 633 (1982).

Enstone correctly observes that there are other cases from the Court of Appeals that hold that restitution can be ordered only for damages which were reasonably foreseeable. *See, e.g., City of Walla Walla v. Ashby*, 90 Wn. App. 560, 565, 952 P.2d 201 (1998) (Division Three); *State v. Taylor*, 86 Wn. App. 442, 444-45, 936 P.2d 1218 (1997) (Division One); *State v. Kisor*, 82 Wn. App. 175, 180, 916 P.2d 978, *review denied*, 130 Wn.2d 1011, 928 P.2d 415 (1996) (Division Two).[2] Although we disagree with the Court of Appeals that these cases can be reconciled with the result it reached,[3] we agree with its ultimate conclusion that the trial court's order should be affirmed. In our view, the aforementioned cases from the Court of Appeals miss the mark in that they essentially add an element of foreseeability that is not in the statute. In doing so they fly in the face of the principle that "if a statute is clear and unambiguous on its face, judicial construction or interpretation is unnecessary." *State v. Eilts*, 94 Wn.2d 489, 493, 617 P.2d 993 (1980), *superseded by statute/rule on other grounds as stated in State v. Barr*, 99 Wn.2d 75, 658 P.2d 1247 (1983);

[2]Enstone fails to note that there is case law from the Court of Appeals which makes no mention of a foreseeability requirement, and holds that a court may order restitution as long as it is " 'causally connected' to the crime [that the defendant] was convicted of." *State v. Vinyard*, 50 Wn. App. 888, 893, 751 P.2d 339 (1988).

[3]The Court of Appeals attempted to reconcile these cases with the result it reached here by reasoning that "it is important to distinguish restitution cases involving recovery for injuries from those involving restitution for other losses and damages. Whatever role foreseeability may play in the latter cases, it plays no role in deciding whether defendants should pay for the physical injuries to their victims." *Enstone*, 89 Wn. App. at 885.

*see also State v. Michielli*, 132 Wn.2d 229, 237, 937 P.2d 587 (1997) ("When the words in a statute are clear and unequivocal, this court must apply the statute as written.").

Our conclusion that foreseeability is not required is buttressed by the fact that the "authority to impose restitution is not an inherent power of the court, but is derived from statutes." *Davison*, 116 Wn.2d at 919; *see State v. Moen*, 129 Wn.2d 535, 543, 919 P.2d 69 (1996). Although we recognize that there may be instances where the injury that a crime victim suffers is so remotely connected to the crime that it does not justify the imposition of restitution, we observe that the statute accords discretion to the trial court to refuse to order restitution if it concludes that "extraordinary circumstances exist which make restitution inappropriate." RCW 9.94A.142(2). Significantly, the trial court here concluded that no such extraordinary circumstances were present and Enstone does not suggest that this was error.

Finally, although we have concluded that a finding of foreseeability is not a necessary element of a restitution order, we feel constrained to observe that the argument that Janes's injuries were not a foreseeable consequence of Enstone's criminal conduct is difficult to accept. Enstone's counsel acknowledges that Enstone's neighbors saw him push Janes down the front stairs of his house, and Enstone conceded in his guilty plea that he that he intentionally inflicted "substantial bodily harm" upon Janes. CP at 5. While Janes's severe intoxication may have contributed to her inability to repel the assault, as the trial court observed, one takes their victim as they find them. Logic would suggest, therefore, that the injuries sustained by Janes were a foreseeable consequence of Enstone's conduct.

For the reasons we have set forth above, we conclude that the trial court need find only that a victim's injuries were causally connected to a defendant's crime before ordering a defendant to pay restitution for the expenses which resulted. Foreseeability is not an element and, accordingly, since there was a causal connection between En-

stone's criminal conduct and the injuries suffered by Janes, it cannot be said that the trial court abused its considerable discretion in following the statutory mandate and ordering Enstone to pay restitution for the *"actual expenses incurred"* for Janes's treatment.

We, therefore, uphold the Court of Appeals' affirmance of the superior court's restitution order.

Affirm.

GUY, C.J., and DURHAM, SMITH, JOHNSON, MADSEN, TALMADGE, SANDERS, and IRELAND, JJ., concur.