125 P.3d 977 (2005)
130 Wash.App. 904
STATE of Washington, Respondent,
v.
Nanette Kay LOHR, Appellant.
No. 22412-1.
Court of Appeals of Washington, Division 3.
December 20, 2005.
Reconsideration Denied February 2, 2006.
*978 Kathryn A. Russell Selk, Russell Selk Law Office, Seattle, WA, for Appellant.
Karl F. Sloan, Jennifer R. Richardson, Okanogan County Prosecuting Attorney's Office, Okanogan, WA, for Respondent.
BROWN, J.
¶ 1 Nanette K. Lohr pleaded guilty to first degree reckless burning. The court ordered her to pay $1,355,266.97 restitution for damage to two hotels and several vehicles arising from the fire she caused. We decline her invitation to apply contributory negligence principles to reduce her restitution to $25,000. Further, her claim the court erred in ordering the Department of Corrections to determine future additional restitution is moot and without merit. Accordingly, we affirm.

FACTS
¶ 2 While a guest at the Riverside Lodge in Winthrop, Ms. Lohr lit a candle in her room, returning 20 minutes later to find a rapidly spreading fire that damaged the Lodge, the Hotel Rio Vista, and several cars. Ms. Lohr pleaded guilty to first degree reckless burning, admitting: "I lit a candle in my hotel room in Winthrop Washington on May 24, 2002, thereby recklessly damaging the Riverside Lodge and Hotel Rio Vista in Winthrop, Washington." Clerks Papers (CP) at 16.
¶ 3 The State requested $1,355,266.97 restitution. Ms. Lohr requested $25,000, arguing contributory negligence by the Lodge justifying reduced damage as for "any normally fire-damaged room." Report of Proceedings (RP) (July 15, 2003) at 18. Ms. Lohr relied upon her investigator's opinion it was "more probable than not the extensive destruction resulting from this fire could have been substantially minimized had an operable smoke detector been present and functioning." Exhibit 2  Emphasis Technology *979 Report at 5. Further, she argued contributory negligence by the Lodge in failing to follow fire code requirements, provide a fire extinguisher, and not constructing a one-hour firewall between the sleeping room and the exit hall.
¶ 4 In a written opinion, the court concluded, "as a matter of law, that it must consider defendant's claims that the hotel victims bear some responsibility for their losses." CP at 191. But, there was "no basis upon which to find sufficient intervening acts by the victims to break the causal connection between Ms. Lohr's acts and resulting damages." CP at 194. "At best, the evidence regarding existence/operability of smoke alarms is disputed[.]" CP at 193. Considering the defense investigative report, the court reasoned it was speculative whether fire alarms or fire extinguishers would have made any difference in the outcome because "it is unknown whether it mattered." CP at 194.
¶ 5 The court concluded the evidence was insufficient "to find fault necessary to reduce damages; there are no extraordinary circumstances to justify reducing the victim's [sic] damages." CP at 194.
¶ 6 The court ordered Ms. Lohr to pay $250 per month "and Department of Corrections shall determine whether higher monthly payments are possible." CP at 194.
¶ 7 The court ordered $1,355,266.97 in restitution disbursed as follows:

 Micah Robley $ 4,121.51
 Randy Sackett $ 250.00
 Mutual of Enumclaw $ 5,000.00
 Motors Insurance Corp. $ 27,985.00
 Colorado Casualty Insurance Co. $1,315,650.64
 Allstate Insurance $ 1,719.82
 Corey and Tonya Cartwright $ 500.00
 Roy C. Miller $ 120.00
 Farmer's Insurance $ 15,675.44
 State Farm Insurance Co. $ 1,529.27
 Traveler's Indemnity Co. of America $ 13,129.69

CP at 195-96. Ms. Lohr appealed.

ANALYSIS

A. Restitution
¶ 8 The issue is whether the trial court erred by abusing its discretion in ordering $1,355,266.97 in restitution without reduction for the alleged contributory negligence of the Lodge. Ms. Lohr contends the court's restitution order was not statutorily authorized because the alleged contributory negligence by the Lodge created an extraordinary circumstance requiring a lower restitution amount.
¶ 9 A trial court's authority to impose restitution is granted by statute. State v. Moen, 129 Wash.2d 535, 543, 919 P.2d 69 (1996). RCW 9.94A.753(5) requires the court to order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." When enacting RCW 9.94A.753 (previously codified as RCW 9.94A.142), the legislature granted broad power to the trial court to order restitution. State v. Enstone, 137 Wash.2d 675, 679, 974 P.2d 828 (1999).
¶ 10 The court has discretion to determine the total amount of restitution owed and the minimum monthly payment required. RCW 9.94A.753(1). Accordingly, a properly authorized restitution award will not be disturbed on appeal absent an abuse of discretion. State v. Davison, 116 Wash.2d 917, 919, 809 P.2d 1374 (1991). An abuse of discretion occurs when the court's decision or order is "`manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" Enstone, 137 Wash.2d at 679-80, 974 P.2d 828 (quoting State v. Cunningham, 96 Wash.2d 31, 34, 633 P.2d 886 (1981)).
¶ 11 RCW 9.94A.753(5) allows the court to not order restitution or reduce the restitution amount, if "extraordinary circumstances exist which make restitution inappropriate in the court's judgment." Here, Ms. Lohr's argues the damages were unforeseeable except for the damage to her hotel room because the alleged safety defects at the Lodge were extraordinary circumstances. But, even if the allegations were true, a crime victim's damages do not have to be foreseeable in order to support a restitution order. Enstone, 137 Wash.2d at 680, 974 P.2d 828. And, even if the Lodge was susceptible to fire, "one takes their victim as they find them." Id. at 683, 974 P.2d 828.
¶ 12 In Enstone, our Supreme Court held RCW 9.94A.753 "unambiguously provides a trial court with the discretion to order a defendant to pay restitution for the expenses *980 that are caused by his or her criminal acts." Id. at 680, 974 P.2d 828. Further, "[t]he statute is, in short, clear and cannot be read to allow an individual to avoid paying restitution on the basis that he or she did not foresee the harmful consequences of their conduct." Id. Thus, while Ms. Lohr would not know the exact consequences of her recklessness, an unforeseen consequence is not an extraordinary circumstance justifying a reduction in restitution under RCW 9.94A.753.
¶ 13 Ms. Lohr next argues no causal connection or foreseeability exists between the amount ordered and the damage to Micah Robley, Randy Sackett, Mutual of Enumclaw, Roy Miller, and Farmer's Insurance. Further, she alleges her due process rights were violated because there was insufficient credible evidence to support damages to Motors Insurance Corporation. However, the damages claimed directly flow from the fire caused by Ms. Lohr. In other words, but for Ms. Lohr starting the fire, the damage to the nearby hotel and vehicles would not have occurred. See State v. Dennison, 115 Wash.2d 609, 623-25, 801 P.2d 193 (1990) (discussing factual and legal elements of proximate cause in criminal context). Here, reasonable minds could reach but one conclusion; Ms. Lohr caused the fire that damaged the victims. Foreseeability of consequences is not applicable in the context of these facts. Id. at 625, 801 P.2d 193. Thus, contributory negligence is inapplicable here. Therefore, although it matters not to the outcome here, the trial court erred in concluding "as a matter of law, that it must consider defendant's claims that the hotel victims bear some responsibility for their losses." CP at 191.
¶ 14 RCW 9.94A.753 precludes restitution for speculative and intangible losses. State v. Kinneman, 155 Wash.2d 272, 285, 119 P.3d 350 (2005). "However, while restitution must be based on `easily ascertainable damages,' the `amount of harm or loss' `need not be established with specific accuracy.'" Id. (quoting State v. Hughes, 154 Wash.2d 118, 154, 110 P.3d 192 (2005) (quoting State v. Fleming, 75 Wash.App. 270, 274, 877 P.2d 243 (1994))). Evidence is sufficient to support a restitution order if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture. Kinneman, 155 Wash.2d at 285, 119 P.3d 350.
¶ 15 Here, the State presented an estimate from an auto body company to repair Mr. Robley's automobile. The estimate was for $4,121.51. The State provided a statement from Farmer's Insurance that it paid $15,675.44 and Mr. Miller paid his deductible of $120 for automobile loss. Farmer's noted its desire to be part of any future restitution decision. The State produced a statement from Mutual of Enumclaw, similar to the Farmer's Insurance letter, regarding the $5,000 Mutual of Enumclaw paid out to Mr. Sackett and Mr. Sackett's $250 deductible. Regarding Motors Insurance Corporation, the State offered a letter setting forth its claims for $27,985 for proceeds paid by Motors Insurance Corporation on automobile damage. Motors Insurance expressed its desire to be included in any restitution proceedings.
¶ 16 This evidence provides a non-speculative, non-conjectural, reasonable basis for estimating loss. As explained above, the resulting damages suffered by Mr. Robley, Mr. Sackett, Mutual of Enumclaw, Mr. Miller, Farmer's Insurance, and Motors Insurance Corporation are causally connected to Ms. Lohr's crime. The trial court did not err in ordering restitution for damages incurred by Mr. Robley, Mr. Sackett, Mutual of Enumclaw, Mr. Miller, Farmer's Insurance, and Motors Insurance Corporation.

B. Restitution Payments
¶ 17 The issue is whether the trial court erred by abusing its discretion in ordering Ms. Lohr to make $250 monthly restitution payments and allowing DOC to recommend modification, if necessary, in the future. The DOC issue is moot.
¶ 18 Ms. Lohr contends the court did not consider her financial situation in setting her monthly payments at $250.
¶ 19 RCW 9.94A.753(1) requires the court, after ordering restitution to "set a minimum monthly payment that the offender is required *981 to make towards the restitution that is ordered." In setting the minimum monthly payment, "[t]he court should take into consideration the total amount of the restitution owed, the offender's present, past, and future ability to pay, as well as any assets that the offender may have." RCW 9.94A.753(1). The court considered Ms. Lohr's financial situation. Counsel argued at the restitution hearing she was unemployed, but taking vocational courses. Further, he argued there was "no way possible" she would ever in her lifetime be able to pay the restitution amount. RP (July 15, 2003) at 16. Given that the court set the minimum monthly payment at an amount that would take over 400 years to pay off, it is evident the court considered Ms. Lohr's financial situation.
¶ 20 Turning to the DOC issue, Ms. Lohr contends the trial court erred in allowing DOC to recommend an increase in monthly payments, if necessary. This issue is moot. Ms. Lohr was sentenced on August 15, 2002 to 6 months plus 12 months of community custody. She is no longer under DOC's supervision; she is under the court's jurisdiction. See RCW 9.94A.753(4) ("The department is responsible for supervision of the offender only during confinement and authorized supervision and not during any subsequent period in which the offender remains under the court's jurisdiction.") Thus, a proposed change in monthly payments by DOC is not forthcoming. Even so, RCW 9.94A.753(2) permits a corrections officer, during the period of supervision, to recommend a change to the monthly payments based upon a change in circumstances. This statute provided the court with a tenable basis to support its order. Thus, the trial court did not abuse its discretion in allowing DOC to "determine whether higher monthly payments are possible." CP at 194.
¶ 21 Affirmed.
WE CONCUR: KATO, C.J., and THOMPSON, J. Pro Tem.