# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                           ) No. 72038-4-I
       Respondent, )
                           ) DIVISION ONE
v. )
                           )
ROBIN P. LAVIN, ) UNPUBLISHED OPINION
                           )
       Appellant. ) FILED: August 4, 2014

SPEARMAN, C.J. — Robin Lavin was convicted of trafficking in stolen property in the second degree for selling a stolen hoe pack. On appeal, he claims that (1) insufficient evidence supports his conviction, (2) the prosecutor committed misconduct by arguing facts not in evidence, (3) defense counsel provided ineffective assistance by failing to object to inadmissible hearsay, and (4) the trial court erroneously ordered him to pay restitution for items unrelated to the crime of which he was convicted. We conclude that only the last claim has merit. Accordingly, we affirm Lavin's conviction, reverse the order of restitution, and remand with instructions to strike the restitution from the judgment and sentence.

## FACTS

Before dawn on October 16, 2011, Gary Habersetzer, who lived next to a Rognlin's, Inc. construction site in Pacific County, heard a "very loud, rambunctious, crash, bang, [and] boom" coming from the Rognlin's site. Report of Proceedings (RP) at 52. Habersetzer saw a pickup truck with its headlights on and saw that the headlights illuminated two or three people. He surmised that the individuals ripped the door off a storage container with a chain and backhoe. Police officer Robert Verboomen was called out to the Rognlin's site at approximately 6:30 a.m. that morning. When he arrived, he saw that the door and lock on a large cargo container had been ripped off, apparently with heavy equipment. It also appeared that a backhoe had been moved so that it was next to the cargo container. Kirk Hollatz, a project manager at Rognlin's, received a report from his crew that a laser, a hoe pack,[1] and a cut-off saw had been stolen in October 2011.

Sometime in October 2011, Daniel Bayne purchased a hoe pack from Lavin for $1,800 in cash. Bayne hoped to sell the hoe pack for a profit. Lavin also sold Bayne a walk-behind compactor and offered to sell Bayne a generator. Lavin told Bayne that he had gotten the items from a friend who was selling his deceased father's equipment.

David Frasier worked for Rognlin's in October 2011. Around that time, Frasier heard that Bayne had a hoe pack for sale. Hollatz had Frasier investigate

---

[1] A hoe pack is an attachment for either an excavator or a rubber tire backhoe and is used to compact trenches or other material. A hoe pack weighs approximately 400 to 500 pounds, requiring more than two people to lift it. It can fit in the bed of a pick-up truck.

to determine whether it was one that had been stolen from the company. Frasier met with Bayne and transported the hoe pack to Rognlin's. Rognlin's had a few hoe packs at the time and Frasier did not immediately recognize it as belonging to Rognlin's. The hoe pack was examined at Rognlin's. It was then that Frasier, after seeing Rognlin's 10x12-inch name-and-address stamp on the hoe pack, realized that it belonged to the company.[2] Bayne had not seen the Rognlin's stamp on the hoe pack.

The State charged Lavin with trafficking in stolen property in the second degree for selling a stolen hoe pack on or about October 27, 2011. Lavin did not testify at trial and presented no defense witnesses.

During Hollatz's testimony, the following exchange occurred:

PROSECUTOR: And so you were employed [at Rognlin's] in October of 2011?
HOLLATZ: Yes.
PROSECUTOR: Okay. And during that time, were some items stolen during that month?
HOLLATZ: Yes.
PROSECUTOR: And what exactly was missing?
HOLLATZ: The report I got from the crew was a laser, a hoe pack, and I believe it was a cut-off saw.

RP at 28.

During closing arguments, the prosecutor argued that Rognlin's employees "testified that the—you know, their place was broken into, the job site, on the 16th and that a laser level, a Honda generator, and a Teledyne Hoe Pack, a hoe pack was taken." RP at 101. The prosecutor also argued, "Mr. Bayne

---

[2] Hollatz could not say if the stamp is removed when Rognlin's sells or otherwise disposes of its property.

3

testified that Mr. Lavin told him, oh, no, it's not stolen. I—I got it out of an estate sale." RP at 103. Furthermore, the prosecutor argued,

> Now, that hoe pack was stolen on October 16th. We don't know that Mr. Lavin stole it. He's not charged with stealing it so, you know, that's—that's not one of the elements that has to be proven. And we don't have the evidence that he was there that day but we do know that within a week he went to Mr. Bayne and got $1,800.00 cash for it claiming he got it at an estate sale and we know that in big letters was the information for the owner. What do we expect a member of society to do when there's big letters indicating how to return a piece of property to its owner?

RP at 104. In rebuttal, the prosecutor argued,

> That there's a big stencil that says [the hoe pack] belongs to Rognlin's and you disregard it, that that might put someone who listens to their better angels on notice that this item was hot. He disregarded that. He didn't contact them. He didn't—didn't try to return it. Instead he went and sold it for cash claiming that he got it at an estate sale.

RP at 115. Defense counsel did not object to Hollatz's testimony or to any of the aforementioned statements by the prosecutor.

A jury found Lavin guilty as charged. Lavin was ordered to pay $3,300 in restitution for losses involving a level laser, a cut-off saw, and a generator. Lavin appeals from the judgment and sentence and the order of restitution.

## DISCUSSION

Lavin makes the following four claims on appeal: (1) the evidence is insufficient to support his conviction, (2) the prosecutor committed misconduct by arguing facts not in evidence, (3) defense counsel provided ineffective assistance by failing to object to Hollatz's hearsay testimony, and (4) the trial court

4

erroneously ordered him to pay restitution for items unrelated to the crime of conviction.

Sufficiency of the Evidence

Evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences that can be drawn from that evidence. Id. Circumstantial evidence and direct evidence are equally reliable. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). This court defers to the trier of fact to resolve conflicting testimony, evaluate witness credibility, and weigh the persuasiveness of the evidence. State v. Carver, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

Here, the to-convict instructions provided:

> To convict the defendant of trafficking in stolen property in the second degree, each of the following elements must be proved beyond a reasonable doubt:
>
> (1) That on or about October 27, 2011, the defendant recklessly trafficked in stolen property;
>
> (2) That the acts occurred in the State of Washington.

Clerk's Papers (CP) at 31. The jury was instructed on the definition of recklessness as follows:

> A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may

5

occur and this disregard is a gross deviation from conduct that a reasonable person would exercise in the same situation.

When recklessness as to a particular result or fact is required to establish an element of a crime, the element is also established if a person acts intentionally as to that result or knowingly as to that fact.

CP at 26.

Lavin argues only that the element of recklessness was not met, contending that there was no evidence that he knew or should have known that the hoe pack he sold to Bayne was stolen. Thus, he contends, there was insufficient proof that he acted knowingly or intentionally or that he disregarded a substantial risk that a wrongful act might occur in possessing and selling what turned out to be a stolen hoe pack. We disagree. This court has stated:

> Possession of recently stolen property and a dubious account concerning its acquisition is sufficient to present a question of fact and to meet the "beyond a reasonable doubt" test of criminal evidence.
>
> "When a person is found in possession of recently stolen property, slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction. When the fact of possession of recently stolen property is supplemented by the giving of a false or improbable explanation of it, a case is made for the jury."

State v. Hatch, 4 Wn. App. 691, 694-95, 483 P.2d 864 (1971) (quoting 4 C. NICHOLS, APPLIED EVIDENCE, POSSESSION OF STOLEN PROPERTY § 29 at 3664 (1928)). Furthermore, an explanation of how the defendant acquired stolen property that "cannot be checked or rebutted" is suspect. Id.

Here, Lavin's possession of the recently stolen hoe pack and his suspect explanation of how he acquired the hoe pack, along with the evidence of the Rognlin's stamp, was sufficient to support the jury's verdict. In Hatch, the defendant's explanation for how he acquired certain stolen items could not be verified and was suspect where he claimed to have bought them from someone whose name he could not remember. Id. at 692-94. Likewise, Lavin's explanation to Bayne that he got the hoe pack from an unnamed friend who was selling his deceased father's equipment could not be checked or rebutted. Furthermore, Lavin's account was improbable given the brief timeline for when the events in question—the friend's father acquiring the hoe pack that had been stolen from Rognlin's on October 16, 2011,[3] the friend's father dying, the friend starting to sell off the father's belongings before the month ended—would have had to occur. Finally, evidence of the 10x12-inch Rognlin's property stamp on the hoe pack was additional "slight corroborative evidence of other inculpatory circumstances."

Lavin contends this evidence did not constitute "slight corroborative evidence of other inculpatory circumstances" tending to show guilt. He contends his account of how he obtained the hoe pack was not dubious because there was enough time in October for his friend's father to have acquired the hoe pack,

---

[3] Lavin contends there was no evidence to support the prosecutor's assertion that the hoe pack was stolen on October 16, 2011. We disagree. A reasonable inference could be drawn from the evidence that the hoe pack was stolen from the Rognlin's construction site that day, given Habersetzer and Verboomen's testimony regarding the state of the storage container at the Rognlin's site and Hollatz's testimony that he received a report from his crew that a hoe pack had been stolen in October 2011.

died, and had his family sell his belongings, and then for Lavin to have unwittingly acquired the stolen hoe pack and sold it to Bayne. Alternatively, he contends, his friend could have lied to him about acquiring the hoe pack from the friend's deceased father. As to the Rognlin's stamp, he contends that while the evidence showed the 10x12-inch stamp was somewhere on the hoe pack, there was no evidence of how readily visible it was. But these arguments go to the weight or persuasiveness of the evidence, matters on which we defer to the trier of fact. Carver, 113 Wn.2d at 604.

## Prosecutorial Misconduct

A defendant claiming prosecutorial misconduct that deprived him or her of a fair trial must establish that the prosecutor's conduct was both improper and prejudicial. State v. Finch, 137 Wn.2d 792, 839, 975 P.2d 967 (1999). Any allegedly improper statements must be viewed in the context of the State's entire argument, the issues in the case, the evidence discussed in the argument, and the jury instructions. State v. Brown, 132 Wn.2d 529, 561, 940 P.2d 546 (1997). Prejudice is established only when there is a substantial likelihood the misconduct affected the jury's verdict. Finch, 137 Wn.2d at 839. The absence of a contemporaneous objection strongly suggests that the argument did not appear critically prejudicial to the defendant in the context of the trial. State v. Swan, 114 Wn.2d. 613, 661, 790 P.2d 610 (1990). Moreover, where the defense does not object, the claim of error is waived unless the statement is "so flagrant and ill-

intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by a curative instruction to the jury." Brown, 132 Wn.2d at 561.

Lavin claims the prosecutor committed reversible misconduct by making the following statements during closing argument: (1) the Rognlin's stamp on the hoe pack was easily visible, (2) Rognlin's employees testified that a Rognlin's storage container was broken into on October 16th and that a laser level, a generator, and a hoe pack were taken, (3) Lavin had the hoe pack for less than a week before selling it to Bayne, and (4) Lavin claimed he got the hoe pack in an estate sale. Lavin contends these statements argued facts not in evidence. The State responds that Lavin's claim is waived on appeal because he did not object below and cannot show that any of the statements were so flagrant and ill-intentioned that they caused prejudice that could not have been cured by a jury instruction. We agree with the State.

Initially, we disagree with Lavin regarding the extent to which the statements at issue argued facts not in evidence. With respect to the first statement, the prosecutor made a reasonable inference, given the evidence that the Rognlin's property stamp on the hoe pack was 10x12 inches, that it was readily visible. Next, as to the prosecutor's second statement, Lavin is correct that, to the extent it suggested that Rognlin's employees directly testified that three items were taken from the Rognlin's storage container on October 16, 2011, it inaccurately represented the testimony. But the prosecutor nonetheless made a reasonable inference from the testimony that the hoe pack was stolen

during the event at the Rognlin's construction site in the early morning of October 16, 2011. And where this was a reasonable inference, the prosecutor also made a reasonable inference that Lavin was in possession of the hoe pack for only a brief period before he sold it to Bayne. The evidence and reasonable inferences from the evidence showed that Bayne purchased the hoe pack from Lavin in October 2011, sometime after the 16th, and that, also before the month ended, Frasier heard that Bayne had a hoe pack for sale and investigated the matter. While the prosecutor's statement that Lavin had the hoe pack "less than a week" before selling it to Bayne was not specifically supported by the testimony, we conclude that it was harmless given that the evidence did support that Lavin had the hoe pack for only a brief period. In any event, the statement could have been rectified with a curative instruction.

Lavin is correct, and the State concedes, that the prosecutor's mention of a generator as one of the items taken from the Rognlin's storage container argued a fact not in evidence. There was no testimony at trial regarding a missing generator. And the statement may have been harmful given that Bayne testified that Lavin offered to sell him a generator. But the prosecutor did not remind the jury or argue at closing that Lavin tried to sell Bayne a generator in addition to the hoe pack. We conclude the statement could have been cured with a jury instruction. Finally, the prosecutor's statement that Lavin claimed he got the hoe pack from an "estate sale" inaccurately represented the testimony at trial that Lavin told Bayne he acquired the hoe pack from a friend who was selling

items from his deceased father's estate. But we agree with the State that the characterization was not germane to any issues of significance and, again, could have been cured with a jury instruction.

In sum, while the prosecutor's statements argued certain facts not in evidence, we conclude that none of the statements were "so flagrant and ill-intentioned" that they caused an enduring prejudice that could not have been cured with a jury instruction. Lavin does not explain why a curative instruction would have been insufficient to correct any of the prosecutor's statements. Moreover, any prejudice was mitigated by the court's instructions to the jury that statements of counsel are not evidence and should be disregarded to the extent they are inconsistent with the evidence.

Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel presents a mixed question of law and fact reviewed de novo. In re Pers. Restraint of Fleming, 142 Wn.2d 853, 865, 16 P.3d 610 (2001). To prevail on an ineffective assistance claim, a defendant must show that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Representation is deficient if, after considering all the circumstances, it fell below an objective standard of reasonableness. Fleming, 142 Wn.2d at 865-66. Prejudice exists if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 866. The

defendant's failure to show either element of <u>Strickland</u> ends the inquiry. <u>State v. Hendrickson</u>, 129 Wn.2d 61, 78, 917 P.2d 563 (1996), overruled on other grounds by <u>Carey v. Musladin</u>, 549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006).

Lavin claims defense counsel provided ineffective assistance by failing to object to Hollatz's hearsay testimony that he received a report from his crew that a laser, a hoe pack, and a cut-off saw were missing. He contends that the trial court would have granted an objection to the testimony under ER 801(c) and ER 802 and that counsel's failure to object prejudiced him because the testimony was the only evidence that the hoe pack was stolen. Without such evidence, he contends, the evidence was insufficient to show that he trafficked in stolen property.

Lavin's claim fails because his assertion that the testimony at issue was the only evidence that the hoe pack was stolen is incorrect. As the State points out, Hollatz also testified from personal knowledge that the stolen hoe pack was recovered by Frasier, a Rognlin's employee. And Frasier testified that he was sent to find out if the hoe pack Bayne was selling was the one that had been stolen from the company. Frasier confirmed that the hoe pack recovered was a Rognlin's hoe pack based on the stamp that he observed.

Because there was other evidence at trial that the hoe pack sold by Lavin was stolen, he cannot show that the result of the trial would have been different

had defense counsel objected to the testimony at issue. He thus fails to meet the prejudice prong for his ineffective assistance claim.

Restitution Order

A trial court's authority to impose restitution is statutory. State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). "Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property . . . unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record." RCW 9.94A.753(5). "Restitution is proper when a causal connection exists between the crime and the injuries for which compensation is sought." State v. Tobin, 132 Wn. App. 161, 179, 130 P.3d 426 (2006). "A causal connection exists when, 'but for' the offense committed, the loss or damages would not have occurred." State v. Enstone, 89 Wn. App. 882, 886, 951 P.2d 309 (1998) (footnote omitted), aff'd, 137 Wn.2d 675, 974 P.2d 828 (1999)).

Lavin claims the trial court exceeded its authority in ordering him to pay $3,300 in restitution for items unrelated to the crime of which he was convicted. Specifically, he was ordered to pay restitution for a level laser, a cut-off saw, and a generator. The State concedes error. The State's concession is well taken. The information on which Lavin was tried accused him of trafficking in one stolen item, a hoe pack, and his conviction was based on his selling a hoe pack. There was no causal connection between Lavin's selling a stolen hoe pack and losses

for the other three items. The trial court exceeded its authority in ordering

restitution for these items. Accordingly, we reverse the restitution order and

remand for the restitution to be stricken from the judgment and sentence.

Affirmed in part, reversed in part, and remanded for further proceedings.

_Spearman, C.J._

WE CONCUR:

_Trickey, J._                    _Appelwick, J._