2016 JAN 25 AM 9: 16


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72847-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MELVIN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 25, 2016 |
| | ) | |

VERELLEN, A.C.J. — Michael Melvin appeals a restitution order imposed after he pleaded guilty to assault of a child. He contends the restitution improperly recouped litigation costs in the form of physicians' forensic examinations of the victim. But "actual expenses incurred for treatment for injury to persons" as a result of Melvin's conduct are a proper basis for a restitution order.[1] The physicians did not bill for any testimony or trial preparation. The billings were all for time spent by physicians examining and treating the victim. But for Melvin's criminal conduct, the victim's mother and the insurance company would not have incurred medical expenses for the victim's injuries.

We affirm the restitution order.

## FACTS

The State charged Melvin with two counts of second degree assault of a child. A jury trial resulted in a mistrial. Melvin later pleaded guilty to one count of second degree

---

[1] RCW 9.94A.750(3).

assault of a child. The State requested restitution of $2,254.10 for medical costs incurred in 2013 while the child was at Children's Hospital on March 11, 12, and April 1, and for office care on April 29. Melvin objected because the physicians who examined the child "testified and also provided forensic evidence" against him.[2] The trial court reviewed the dates of the services and concluded that none of the billings were solely for the purpose of litigation. The court awarded $866.94 to the victim's mother for out-of-pocket medical expenses related to the victim's treatment and $1,387.16 to the mother's insurance provider for its coverage of the medical expenses.

Melvin appeals the restitution order.

## ANALYSIS

Melvin contends the restitution order improperly encompassed litigation costs. We disagree.

We review a restitution order for abuse of discretion.[3] A trial court abuses its discretion if its restitution order is not authorized by statute.[4]

A trial court's authority to impose restitution is statutory.[5] Restitution applies if a crime "results in injury to any person or damage to or loss of property."[6] Restitution extends to "actual expenses incurred for treatment for injury to persons."[7] Investigative costs may constitute damages supporting restitution if the costs were "'expended by a

[2] Report of Proceedings (Nov. 18, 2014) at 2.

[3] State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

[4] State v. Horner, 53 Wn. App. 806, 807, 770 P.2d 1056 (1989).

[5] State v. Deskins, 180 Wn.2d 68, 81, 322 P.3d 780 (2014).

[6] RCW 9.94A.753(5).

[7] RCW 9.94A.750(3).

victim as a direct result of the crime.'"[8] There must be a causal connection between the defendant's crime and the victim's damages to support a restitution order.[9] A causal connection exists if, "but for the charged crime, the victim would not have incurred the loss."[10]

A review of the restitution documentation reveals that several physicians provided medical treatment to the victim. While some of these physicians testified at trial, the billings did not include any time spent by physicians testifying or preparing to testify. Because the medical expenses relate solely to the victim's examination and treatment for injuries caused by Melvin, they are not prohibited litigation costs. But for the assault, the victim's mother and the insurance company would not have incurred those medical expenses.[11]

We affirm the trial court's restitution order.

WE CONCUR:

_Spencer, C.J._

_Applewick, J._

---

[8] State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007) (quoting State v. Kinneman, 155 Wn.2d 272, 287, 119 P.3d 350 (2005)).

[9] State v. Johnson, 69 Wn. App. 189, 191, 847 P.2d 960 (1993).

[10] State v. Griffith, 164 Wn.2d 960, 966, 195 P.3d 506 (2008).

[11] E.g., State v. Enstone, 89 Wn. App. 882, 886, 951 P.2d 309 (1998) ("Because H.J. would not have had to be treated at the hospital but for her serious head injuries, there was a sufficient causal relationship between the assault and the restitution imposed."), affirmed, 137 Wn.2d 675, 974 P.2d 828 (1999).