# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

Respondent,

v.

BERNARDINO LARRY SANDOVAL,

Appellant.

No. 82447-3-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Bernardino Sandoval appeals an order of restitution following his guilty plea to assault in the third degree and unlawful possession of a weapon. We affirm the restitution order, but remand for the trial court to amend the order to reflect that Social Security benefits cannot satisfy restitution.

## FACTS

In 2018, Sandoval stabbed his romantic partner. He pleaded guilty to domestic violence assault in the third degree and unlawful display of a weapon.[1] In conjunction with his plea, Sandoval agreed to join the State's recommendation for an above-range exceptional sentence of 72 months and agreed to pay restitution in an amount to be determined at a future hearing.

---

[1] The State initially charged Sandoval with assault in the first degree. He pleaded guilty to a reduced charge to avoid a potential life sentence under the Persistent Offender Accountability Act, RCW 9.94A.030(37), .570. Sandoval entered a plea under North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (allowing defendant to maintain his innocence while acknowledging a likelihood of conviction at trial).

The trial court imposed a sentence in accordance with the plea agreement. The court found that Sandoval was indigent and waived all nonmandatory fees, fines, and costs. The court imposed only the mandatory victim penalty assessment. See RCW 7.68.035(1)(a) (mandatory $500 victim penalty assessment upon conviction of felony or gross misdemeanor).

Before the restitution hearing, the State submitted a request for restitution of $3,339.68 and supplied documentation showing that, pursuant to the crime victims' compensation act, chapter 7.68 RCW, the Crime Victims Compensation Program administered by the state Department of Labor and Industries (Department) had paid benefits in that amount for the victim's medical bills and counseling costs. RCW 7.68.015.

At the hearing, Sandoval objected to restitution. Sandoval argued that the court should not impose restitution for medical expenses because the victim left the hospital after the incident allegedly against medical advice. And Sandoval claimed the supporting documentation did not establish that the counseling was related to the crime.

More generally, Sandoval argued that because of certain disabilities, he had no current or future ability to pay restitution. Sandoval asserted he suffered from two types of arthritis, was "almost legally hearing-impaired," and would face an "almost impossible" burden in making payment because, upon release, he would be reliant on governmental assistance and Social Security benefits. Sandoval generally described other ailments that, he contended, showed an inability to become gainfully employed and make restitution in the amount the State

2

requested. The superior court indicated on the record that it did not believe the restitution statute authorized waiver of the obligation solely based on indigent status.

The trial court ordered Sandoval to pay restitution of $2,438.56 for benefits paid to reimburse the victim for medical expenses. The court declined to order $901.12 in restitution for the victim's counseling costs, finding no evidence of a "link" between the crime and the counseling. The court also concluded that Sandoval's indigence did not provide a basis to waive restitution. Sandoval appeals.

## DISCUSSION

Sandoval's sole argument against the amount of the restitution order is that the sentencing court erred by failing to recognize the discretion to waive restitution upon a finding that his disability and indigence amounted to "extraordinary circumstances" within the meaning of RCW 9.94A.753(5). Because we conclude subsection (5) of RCW 9.94A.753 does not apply when payment has been made pursuant to the crime victims' compensation act, its provision for waiver in "extraordinary circumstances" did not apply in Sandoval's case.

A trial court's restitution order will not be disturbed on appeal absent an abuse of discretion. State v. Enstone, 137 Wn.2d 675, 679, 974 P.2d 828 (1999). Application of an incorrect legal analysis or other error of law can constitute abuse of discretion. State v. Kinneman, 155 Wn.2d 272, 289, 119 P.3d 350 (2005).

3

The relevant portions of the restitution statute provide:

>     (5) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property or as provided in subsection (6) of this section <u>unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record</u>.  In addition, restitution shall be ordered to pay for an injury, loss, or damage if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.
>
> . . . .
>
>     (7) <u>Regardless of the provisions of subsections (1) through (6) of this section, the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW</u>.  If the court does not order restitution and the victim of the crime has been determined to be entitled to benefits under the crime victims' compensation act, the [Department], as administrator of the crime victims' compensation program, may petition the court within one year of entry of the judgment and sentence for entry of a restitution order.  Upon receipt of a petition from the [Department], the court shall hold a restitution hearing and shall enter a restitution order.

RCW 9.94A.753 (emphasis added).[2]

As the above provisions make clear, the restitution statute does not authorize the trial court to waive restitution based on "extraordinary circumstances" under subsection (5) when the State seeks restitution for benefits paid under the crime victims' compensation act.  When the program has compensated the victim

---

[2] The legislature amended the restitution statute in March 2022, to allow the trial court, at sentencing or at any later time, to waive full or partial restitution or accrued interest on restitution based on the lack of current or future likely ability to pay in certain circumstances.  See LAWS OF 2022, ch. 260, § 3.  The amendment, effective January 1, 2023, expressly does not apply to restitution owed to the Department for compensation paid under the crime victims' compensation program.  Id. §§ 3, 26.

for losses, the statute mandates restitution upon request "[r]egardless" of subsection (5). RCW 9.94A.753(7). In such cases, the court "shall" order restitution, and if it fails to do so, the Department, which administers the program, may petition for entry of an order so providing. Id. RCW 9.94A.753(7) does not allow the trial court discretion to waive restitution of benefits paid under the crime victims' compensation act, even when "extraordinary circumstances" within the meaning of RCW 9.94A.753(5) may be present.

Our decisions in Painter and Tronsdal do not suggest otherwise. State v. Painter, No. 78104-9-I (Wash. Ct. App. June 10, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/781049.pdf; State v. Tronsdal, No. 81298-0-I, (Wash. Ct. App. Aug.2, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/812980.pdf. Painter, who pleaded guilty to charges stemming from a hit and run, asked the court to impose less than the full amount of restitution requested, claiming that his mental illness and indigency were extraordinary circumstances. Painter, No. 78104-9, slip op. at 1-2. The trial court denied Painter's request, indicating that its discretion was limited to determining whether there was a factual basis for restitution. Id. at 3.

We held that when a restitution request is premised on payments by the crime victims' compensation program, the trial court is "obligated to order restitution to the crime victims' compensation program in the amount that the program paid to the victim." Id. at 5. To reach this conclusion, we relied on the mandatory language of RCW 9.94A.753(7), which, unlike subsection (5), does not allow waiver based on a finding of "extraordinary circumstances." Id. at 4. We

5

also looked to the crime victims' compensation act itself, which provides that the payment of benefits to or on behalf of a victim "'creates a debt due and owing to the [D]epartment by any person found to have committed the criminal act.'" Id. at 5 (quoting RCW 7.68.120(1)). And we observed that the crime victims' compensation act authorizes the Department, not the court, to waive, modify downward, or otherwise adjust restitution, "'in the interest of justice, the well-being of the victim, and the rehabilitation of the individual." Id. (quoting RCW 7.68.120(5)).

In Painter's case, only a portion of the restitution sought (approximately $18,000 of the more than $430,000 total restitution) was based on compensation for benefits under the crime victims' compensation act. Id. at 2. As to the bulk of the requested restitution, we held that the trial court erred by failing to appreciate its discretion to determine there were "extraordinary circumstances" under RCW 9.94A.753(5) warranting a reduction of restitution. Id. at 6.

In Tronsdal, the defendant pleaded guilty to malicious mischief after causing damage to a store, multiple vehicles, a home, and an apartment complex. Tronsdal, No. 81298-0, slip op. at 2. The State did not request restitution for any benefits paid by the victims' compensation fund. Id. at 6. Tronsdal characterized his developmental disability and dependence on Social Security income as "extraordinary circumstances" under RCW 9.94A.753(5) and requested a finding on that issue. Id. at 3. The trial court concluded it had no discretion to consider ability to pay. Id. As in Painter, we held that the trial court erred when it concluded it lacked authority under RCW 9.94A.753(5) to order less than the amount of

6

restitution requested and remanded for the trial court to consider whether Tronsdal established extraordinary circumstances. Id. at 6. Significantly, we noted the "statute's plain language provides the trial court with discretion to determine the amount of restitution when not requested by the crime victim's compensation program." Id. (emphasis added).

Finally, Sandoval cites State v. Carroll to argue that even if RCW 9.94A.753(7) bars the trial court from waiving restitution entirely, the trial court failed to appreciate its discretion to order a lesser amount of restitution. No. 81816-3-I, (Wash. Ct. App. Nov. 8, 2021) (unpublished), http://www.courts.wa.gov/opinions/pdf/818163.pdf. His reliance on Carroll is misplaced because there, we affirmed the restitution order for the full amount of benefits paid to the victim and did not decide whether the trial court could have ordered a lesser amount of restitution. Carroll, No. 81816-3, slip op. at 2, 7. And more importantly, the trial court ordered partial restitution here, declining to impose restitution for benefits the program paid for counseling fees.[3]

In Sandoval's case, the State requested restitution solely to reimburse the crime victims' compensation fund for benefits paid. Under RCW 9.94A.753(7), the court had no discretion to deny the request based on "extraordinary circumstances" within the meaning of RCW 9.94A.753(5).

Sandoval next claims the trial court erred when it failed to expressly limit the State's ability to collect restitution from his Social Security income. Sandoval

---

[3] Because the only issue before us is the trial court's discretion to reduce restitution based on "extraordinary circumstances" under RCW 9.94A.753(5), we do not address the amount of restitution awarded.

maintained that he relied on "[w]elfare" and Social Security income and would continue to do so after release.

The Social Security Act's anti-attachment statute, 42 U.S.C. § 407(a), states that "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process." As a result, "no Social Security disability benefits are available to satisfy a debt," including Sandoval's restitution obligation. See State v. Catling, 193 Wn.2d 252, 264, 438 P.3d 1174 (2019) (defendant was required to pay $500 victim penalty assessment, but debt could not be satisfied from Social Security disability benefits). Receipt of Social Security income does not "'immunize'" an individual against the imposition of a restitution order; "'rather, it merely prohibits the trial court from using legal process to compel satisfaction of the restitution order from those benefits.'" Id. at 263 (quoting In re Lampart, 306 Mich. App. 226, 246, 858 N.W.2d 192 (2014)).

Where, as here, there is evidence that a defendant receives Social Security income, it is appropriate to include a notation on the order or judgment indicating that the legal financial obligations imposed "may not be satisfied out of any funds subject to the Social Security Act's antiattachment statute." Id. at 266. The State concedes, and we agree, that remand is appropriate so that the trial court may amend the order to include a notation that Sandoval's restitution obligation may not be satisfied out of Social Security income.

Finally, in a statement of additional grounds for relief, Sandoval challenges an individual reentry plan developed by the Department of Corrections in

anticipation of release. We understand him to claim he should be released to King County, rather than Chelan County. <u>See</u> RCW 72.09.270(8)(a) (criteria for determination of county of discharge). The record contains no information regarding this issue, and on direct appeal, the reviewing court will not consider matters not included in the trial record. <u>State v. McFarland</u>, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). If a defendant wishes to raise a claim that relies on facts outside the existing record, the appropriate means to do so is through a personal restraint petition. <u>Id.</u>

We affirm the restitution order, but remand for the trial court to amend the order to specify that the restitution obligation may not be satisfied out of funds subject to the Social Security Act's anti-attachment statute.

_____
Birk, J.

WE CONCUR:

_____        _____
Chung, J.                                              Coburn, J.