[No. 13471-3-II.   Division Two.   May 13, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH D. SMITH, *Appellant.*

*John L. Farra,* for appellant (appointed counsel for appeal).

*H. Stewart Menefee, Prosecuting Attorney,* and *James P. Hagarty, Deputy,* for respondent.

MORGAN, J.—On July 22, 1989, the defendant burglarized a branch of Seattle–First National Bank. Before that date, the bank had had a surveillance system installed. It consisted of three cameras, each of which focused on a different part of the bank. When the defendant entered the bank, he automatically triggered these cameras, and one of them filmed him as he performed the crime.

On October 23, 1989, the court sentenced the defendant, and on December 20, 1989, it entered an order requiring that he pay $1,806.72 in restitution to the bank. The $1,806.72 represented $720 for labor to remove the film from the cameras, $268.98 to replace the film (three rolls at $89.66 each), $274.03 to develop the film, and $543.71 to repair damage to the front door and a teller cage.

The defendant appeals the portion of the restitution order that required him to pay the expenses related to the cameras and film. He contends that the trial court was without authority to order restitution for those expenses.

The trial court's authority to order restitution is set forth in RCW 9.94A.120(15) and .142(1). As of July 22, 1989, the date of the offense, the first of those provided in pertinent part:

> The court shall order restitution whenever the offender is convicted of a felony that results in injury to any person or *damage to or loss of property . . ..*

(Italics ours.) And the second provided in pertinent part:

. . . Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable *damages for injury to or loss of property,* actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury. . . .

(Italics ours.)

Under these statutes, the issue before us is whether the words "damage to or loss of property" and "injury to or loss of property" include the camera and film expenses awarded in this case. Giving the words their plain meaning, *State v. Sommerville,* 111 Wn.2d 524, 531, 760 P.2d 932 (1988); *Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 509, 730 P.2d 1327 (1986), we hold that property is not "damaged" or "injured" or "lost" when it is used or affected in precisely the way that its owner intended. Here, the bank set up the cameras and film in anticipation of any burglary, not specifically this one. Its intent was that the cameras and film be utilized if and when any such burglary occurred. When the instant burglary took place, the cameras and film operated precisely as intended, and they were not damaged, injured or lost within the meaning of the statutes.

Because the foregoing resolves this appeal, it is unnecessary to discuss any other issue. Reversed with directions to reduce the restitution award to $543.71.

WORSWICK, C.J., and PETRICH, J., concur.

Reconsideration denied July 8, 1991.