[No. 58945-3.    En Banc.    July 2, 1992.]

THE STATE OF WASHINGTON, *Petitioner,* v. JOSEPH D. SMITH, *Respondent.*

*H. Steward Menefee, Prosecuting Attorney,* and *James P. Hagarty, Deputy,* for petitioner.

*John L. Farra,* for respondent.

ANDERSEN, J. —

### FACTS OF CASE

The issue in this case is whether expenditures by a bank for labor and supplies needed to unload, load and reset surveillance cameras following a burglary constitute an "injury to or loss of property" within the meaning of the restitution statute (RCW 9.94A.142).[1] We hold that they do; we therefore reverse the Court of Appeals.

Early on July 22, 1989, Joseph D. Smith burglarized the Aberdeen branch of Seattle-First National Bank and an automobile supply store. His actions inside the bank tripped three surveillance cameras which then photographed areas of the bank.

Soon after the burglary, Seattle-First National Bank security department technicians traveled from the Seattle corporate office to Aberdeen to retrieve the film from the

---

[1] RCW 9.94A.142 is part of the Sentencing Reform Act of 1981 (RCW 9.94A).

cameras. Seattle-First National Bank Corporation charged the Aberdeen branch for the use of technicians who worked on the cameras and additionally charged the branch the cost of developing and replacing the film.

Mr. Smith entered a plea of guilty to two counts of second degree burglary and was sentenced to two 16-month terms of confinement, to be served concurrently. He also was ordered to pay restitution for damages caused each victim. The restitution attributable to the bank burglary was determined to be $1,806.72. This figure was based on the following amounts: $543.71 for repair of a door and teller cage; $720 as reimbursement for labor costs paid the technicians who serviced the surveillance cameras (16 hours at $45 per hour); $268.98 for film; and $274.03 for film developing costs.

Mr. Smith objected to that portion of the restitution order which related to the servicing of the cameras.

He appealed the restitution order, apparently arguing that the funds spent by the bank for servicing the cameras and developing and replacing film were not "property" and therefore not compensable under the restitution statute. The Court of Appeals agreed and reversed the trial court.[2] The Court of Appeals was of the view that the language of the restitution statute permitted restitution only in cases where there is damage or injury to or loss of a tangible piece of property. The Court of Appeals apparently did not consider the funds spent by the bank to be property, concluding instead that because the *cameras* were not damaged or lost, restitution was not authorized.[3] Three days after *State v. Smith*, 61 Wn. App. 277, 809 P.2d 763 (1991), was filed, this court unanimously held that *funds* voluntarily paid as wages to an assault victim while he was unable to

---

[2]*State v. Smith*, 61 Wn. App. 277, 809 P.2d 763, *review granted and remanded*, 117 Wn.2d 1023 (1991).

[3]*Smith*, 61 Wn. App. at 279.

work constituted property which was lost as a result of a crime and thus was a proper item of restitution under the statute. *State v. Davison*, 116 Wn.2d 917, 809 P.2d 1374 (1991).

We then granted review in *Smith* and remanded to the Court of Appeals for reconsideration in light of *Davison*.[4]

On remand, the Court of Appeals, in an unpublished opinion,[5] adhered to its former decision after concluding that *Davison* was inapplicable.

We thereupon granted review of the second Court of Appeals decision. One issue is here presented.[6]

## ISSUE

Are funds expended by a burglary victim to unload and reload surveillance cameras following a burglary compensable under the restitution statute?

## DECISION

CONCLUSION. Funds spent to develop film and to unload, reload and reset surveillance cameras following a burglary are "property" which is lost as a result of the burglary and which is compensable under the restitution statute.

The restitution statute under which Mr. Smith was sentenced, RCW 9.94A.142(1) (pertaining to crimes committed after 1985 and effective until July 1, 1990), provides as follows:

> When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days and shall set the terms and conditions under which the defendant shall make restitution. *Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual*

---

[4]Noted at 117 Wn.2d 1023.

[5]Noted at 63 Wn. App. 1046 (1992).

[6]Although Mr. Smith raised an additional issue in the Court of Appeals, that issue was not raised in the trial court and was thus not properly preserved for consideration by this court. RAP 2.5(a); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988).

*expenses incurred for treatment for injury to persons, and lost wages resulting from injury.*

(Italics ours.) Former RCW 9.94A.142(1) (part).[7]

■ ■ The authority to order restitution is purely statutory.[8] In *Davison*, we said that the "very language of the restitution statutes indicates legislative intent to grant broad powers of restitution."[9] That decision goes on to state:

Our interpretation of the statutes requires the defendant to face the consequences of his criminal conduct. We interpret the statute to carry out its purposes to "[p]romote respect for the law by providing punishment which is just". RCW 9.94A-.010(2). We will not give the statutes an overly technical construction which would permit the defendant to escape from just punishment.

*Davison*, 116 Wn.2d at 922.

In *Davison* the offender had assaulted a City of Seattle fire fighter. Because of his injuries, the victim was unable to work as a fire fighter for 4 months. During that time the City paid the victim his normal wage, even though it apparently was not obligated to make such payment. After determining that the City was a "victim" within the meaning of the statute, we held:

RCW 9.94A.142 provides in part that "[r]estitution . . . shall be based on easily ascertainable damages for [a] injury to or loss of property, [b] actual expenses incurred for treatment for injury to persons, and [c] lost wages resulting from injury."
   Restitution to the City is authorized as *damages for injury to or loss of property.* The *funds* paid by the City for the victim's wages were its *property.*

(Italics ours.) *Davison*, 116 Wn.2d at 921.

■ No basis for distinction between the funds expended by the City in *Davison* and the funds expended by the bank in this case has been argued. Accordingly, we hold that the

---

[7]The restitution statute was amended in 1989, Laws of 1989, ch. 252; and in 1991, Laws of 1991, ch. 93. The amendments are not pertinent here.

[8]*State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991); *State v. Lewis*, 57 Wn. App. 921, 923, 790 P.2d 250 (1990).

[9]*Davison*, 116 Wn.2d at 920.

funds spent by the bank were "property" that was lost as a direct result of the crime, and that the trial court's award of restitution was proper in this case.

The Court of Appeals is reversed; the restitution order of the trial court is reinstated.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.