

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 70108-8-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| VICTOR L. FERNANDEZ, | |
| Appellant, | |
| and | UNPUBLISHED OPINION |
| JUNWYNNE FABIA a.k.a. JUNWYNNE REBUGIO FABIA, JUSTIN DANIEL MIRAMONTEZ, and VICTOR JOSUE PRIETO, and each of them, | FILED: April 28, 2014 |
| Defendants. | |

BECKER, J. — A defendant convicted of car theft was ordered to pay $7,201.75 in restitution for the cost of restoring a stripped down Honda Civic to its former condition, including expensive specialty aftermarket items. We conclude the order of restitution was adequately supported, beyond speculation and conjecture, by the victim's sworn statement of loss, accompanied by screen shots showing comparable marketplace pricing on various web sites.

Appellant Victor L. Fernandez pleaded guilty to two counts of theft of a motor vehicle. As part of his plea agreement, he agreed to pay restitution for all losses.

One of the stolen cars was a 2000 Honda Civic belonging to Micah Spacek. When officers discovered Spacek's stolen Honda sitting on a driveway, it had been stripped. Among the missing parts were the engine, suspension, sway bar, and two wheels and tires.

At the restitution hearing, the State requested restitution of $7,201.75 for the Honda. The request was supported by Spacek's sworn "Victim Loss Statement" on a form provided by the Victim Assistance Unit of the King County Prosecutor's Office. The form has a space for "Total Amount Paid By Insurance." In this space, Spacek wrote "car only no aftermarket" and that his deductible was $500. In response to the form's directive to "List all missing or damaged items and the value or repair of each," Spacek attached thirteen pages of screen shots from several web sites, including eBay, showing pictures and prices for various aftermarket items. These items included a car amplifier ($399.99), two subwoofers ($199.00 each), an aftermarket security system ($699.99), a suspension damper kit ($1,080.00), a custom speaker system ($249.95), an aftermarket transmission ($1,695.00), a cold air intake system ($276.40), a laser detector ($659.99), a twin loop silencer ($913.00), an aftermarket clutch ($542.46), and an air flow converter ($284.99).

The trial court imposed restitution as requested. On appeal, Fernandez contends that the order of restitution must be vacated because the evidence was insufficient to prove the amount of loss.

The State bears the burden of proving restitution by a preponderance of the evidence. State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005).

We review a trial court's restitution order for an abuse of discretion. State v. Enstone, 137 Wn.2d 675, 679, 974 P.2d 828 (1999). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Enstone, 137 Wn.2d at 679-80.

A court's authority to impose restitution in a criminal case is derived solely from statute. State v. Smith, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992). Statutes authorizing restitution should not be given an overly technical construction which would permit the defendant to escape from just punishment. State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). Generally, restitution shall be ordered whenever an offense results in loss of property. RCW 9.94A.753(5). Restitution is to be based on "easily ascertainable damages." RCW 9.94A.753(3). The award of restitution must be based on a causal relationship between the offense charged and proved and the victim's losses or damages. State v. Blair, 56 Wn. App. 209, 214-15, 783 P.2d 102 (1989). Because Fernandez's offense directly caused Spacek's loss of the value of the aftermarket items, it is appropriate that he be ordered to make restitution to Spacek for those items.

3

Fernandez contends, however, that without receipts documenting the compensation Spacek received from insurance, there is a risk that Spacek will be doubly compensated for his loss.

In proving restitution, certainty of damages need not be shown with specific accuracy, but the court must not engage in mere speculation or conjecture, and the amount of restitution must be supported by substantial credible evidence.  State v. Pollard, 66 Wn. App. 779, 785, 834 P.2d 51, review denied, 120 Wn.2d 1015 (1992).

Fernandez cites State v. Bennett, 63 Wn. App. 530, 821 P.2d 499 (1991). In Bennett, an order of restitution to a burglary victim, the defendant's mother, was based on two sources of information: the victim's list of stolen possessions and work sheets from her insurance company.  We found this evidence sufficient. "We perceive no reason to question the reliability of the insurance company's accounting of Ms. Bennett's loss, given an insurer's strong financial interest in not overpaying claims." Bennett, 63 Wn. App. at 535 n.4.  Fernandez contends that without a similar accounting detailing what Spacek's insurer paid on his insurance claim, the figure of $7,201.75 is mere speculation and conjecture.

Bennett does not hold that when part of a victim's loss is covered by insurance, an insurance company accounting is essential to prove restitution.  As the trial court observed, it is "a little odd" that Spacek's insurer did not make its own claim for reimbursement of the amount paid out to cover the basic vehicle. Had the insurance company submitted a claim, Fernandez would probably have been ordered to pay the value of the basic vehicle in addition to aftermarket

upgrades. But the fact that the restitution order covers only the aftermarket items is not a problem. Spacek's sworn statement about what his insurance covered—"car only no aftermarket"—was sufficiently definite to prove the amount of the loss for which he had not yet received reimbursement. And the screen shots were adequate to support the market value claimed for the aftermarket items.

Affirmed.

Becker, J.

Verellen, A.C.J.

Appelwick, J.