2016 OCT 31 AM 9: 16


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73542-0-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| JOHN B. VELEZMORO, | ) | PUBLISHED OPINION |
| Appellant. | ) ) | FILED: <u>October 31, 2016</u> |

SPEARMAN, J. — Restitution is mandatory "whenever the offender is convicted of an offense which results in injury to any person. . . ." RCW 9.94A.753(5). John B. Velezmoro was one of an unknown number of people who possessed pornographic images of "Vicky,"[1] a victim of child sexual abuse. Velezmoro pleaded guilty to possession of child pornography. At a restitution hearing, the trial court determined that Velezmoro's offense was a cause of the injury Vicky suffered from the ongoing distribution of images of her abuse. The court ordered Velezmoro to pay restitution toward Vicky's actual losses. Velezmoro challenges the order, arguing that restitution may only be ordered when the State establishes that but for the defendant's conduct, the victim's losses would not have occurred.

Generally, the but-for test is the way to prove that one event was the factual cause of another. But where the application of that test leads to anomalous results, alternative ways of proving causation may apply. In the

---

[1] Vicky is a pseudonym.

circumstances here, where an unknown number of people possessed pornographic images of Vicky's abuse, each possessor had a share in causing her harm. The trial court did not err in determining that Velezmoro's offense was a cause of Vicky's loss. We affirm.

FACTS

Velezmoro pleaded guilty to possession of child pornography in the second degree after police discovered a large cache of child pornography on his computer. Many of the files in Velezmoro's possession featured child victims whose identity had been established by law enforcement. Seven of the files were part of a series of pornographic videos involving Vicky.

A relative began sexually abusing Vicky when she was five years old. The relative made and distributed videos of Vicky's abuse in response to requests from consumers of child pornography. Vicky's abuse stopped when she was thirteen years old and she began to recover from the trauma of her experience. But when Vicky was seventeen, she learned that images of her abuse had been widely disseminated via internet.[2] Knowledge that images of her abuse are in circulation caused renewed trauma, from which Vicky continues to suffer.

Vicky sought restitution from Velezmoro. Vicky did not allege that she was specifically aware that Velezmoro possessed her images, but argued that he was part of the market for child pornography and shared in causing the damages she suffered from the continued distribution of her images. Vicky submitted

---

[2] The pornographic images, obscene commentary on the images, and speculation about Vicky's current life remain widespread on the internet.

documentation of her ongoing trauma and the actual economic losses incurred. At the hearing, Velezmoro argued that Vicky could not show causation and that she had already recovered her actual economic losses through restitution from other criminal defendants.

The trial court found that Vicky had actual unrecovered losses and ordered Velezmoro to pay $5000 in restitution. The court acknowledged that it was impossible to determine Velezmoro's share of Vicky's losses with "mathematical precision," but held that $5000 was a reasonable apportionment. Verbatim Report of Proceedings (VRP) at 14. Velezmoro appeals.

<u>DISCUSSION</u>

Velezmoro asserts that the trial court erred in ordering restitution by using an improper legal analysis. He contends that a trial court may only order restitution when it determines that but for the defendant's offense the victim's loss would not have occurred. We review a trial court's order of restitution for abuse of discretion. <u>State v. Tobin</u>, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007) (citing <u>State v. Enstone</u>, 137 Wn.2d 675, 679, 974 P.2d 828 (1999)). A trial court abuses its discretion if its order rests on an incorrect legal analysis. <u>Id.</u>

The authority to order restitution is based on statute. <u>Id.</u> (citing <u>State v. Smith</u>, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992)). Under the Washington restitution statute, a court shall order restitution "whenever the offender is convicted of an offense which results in injury to any person." RCW 9.94A.753(5). Restitution is mandatory "unless extraordinary circumstances exist which make restitution inappropriate. . . ." RCW 9.94A.753(5).

Restitution serves "both punitive and compensatory" purposes. State v. Kinneman, 155 Wn.2d 272, 279–80, 119 P.3d 350 (2005) (citing State v. Moen, 129 Wn.2d 535, 539 n. 1, 919 P.2d 69 (1996)). One aim of restitution is "to require the defendant to face the consequences of his or her criminal conduct." Tobin, 161 Wn.2d at 524 (quoting State v. Davison, 116 Wn.2d 917, 922, 809 P.2d 1374 (1991)). Accordingly, restitution is only allowed for losses that are causally connected to the crime charged. Id. (citing Kinneman, 155 Wn.2d at 286).

The statute expresses this causal connection by requiring restitution when a criminal offense "results in injury to any person." RCW 9.94A.753(5). In evaluating whether an injury is the result of an offender's crime, Washington courts have applied a but-for analysis. See, e.g., State v. Hiett, 154 Wn.2d 560, 566, 115 P.3d 274 (2005) (affirming restitution for lost property when, "[b]ut for the taking of the vehicle, the personal property would not have gone missing"); State v. Harris, 181 Wn. App. 969, 976, 327 P.3d 1276 (2014) review denied, 181 Wn.2d 1031, 340 P.3d 229 (2015)) (affirming restitution where but for the defendant's conduct in driving, the victim would not have been struck and killed); State v. Wilson, 100 Wn. App. 44, 50, 995 P.2d 1260 (2000) (affirming restitution for investigative costs where "but for the embezzlement, the victim would not have incurred" the costs).

Velezmoro argues that the trial court erred in awarding restitution because Vicky did not establish that his conduct was a but-for cause of her damages. App. Br. at 7-9. The State agrees that restitution may only be awarded for losses

4

that are causally connected to the crime, but argues that the but-for test is not the proper measure of actual causation in all circumstances. The State argues that the trial court properly followed Paroline v. United States, __ U.S. __, 134 S. Ct. 1710, 188 L. Ed. 2d 714 (2014), in using an alternative causation analysis.

In Paroline, the defendant pleaded guilty to possessing child pornography, including two images of a child victim identified as "'Amy.'" Id. at 1716. Amy had been sexually abused by her uncle in order to produce child pornography. Id. at 1717. After Amy's uncle was prosecuted and sentenced to prison, Amy began to recover. Id. But as a teenager, Amy learned that images of her abuse were being trafficked on the internet. Id. Knowledge that these images were being distributed produced renewed trauma, and "meant the wrongs inflicted upon her were in effect repeated . . . ." Id.

Amy sought restitution from Paroline for the total amount of damages she suffered as a result of the distribution of her images, about $3 million in lost income and $500,000 in future counseling and treatment costs. Id. at 1718. She stipulated that she did not know who Paroline was and that her losses did not stem from specific knowledge that he possessed her images. Id. But she argued that all possessors of her images were jointly and severally liable for her damages. Id. The district court declined to order restitution because Amy could not prove but-for causation. Id. The Court of Appeals reversed and ordered Paroline to pay restitution in the full amount of Amy's damages. Id.

The Supreme Court accepted review to determine the proper causation analysis and amount of restitution. Id. The Paroline Court noted that the

5

restitution statute at issue requires a showing of both actual and legal causation. Id. at 1722. Actual causation, or causation in fact, is traditionally proven by showing that but for the defendant's criminal act the victim's injury would not have occurred. Id. The Court recognized that in this case, where Paroline was only one of thousands of anonymous possessors, Amy could not establish but-for causation. Id. at 1723. But the Court noted that "courts have departed from the but-for standard where circumstances warrant, especially where the combined conduct of multiple wrongdoers produces a bad outcome." Id. at 1723 (quoting Burrage v. U.S., __ U.S. __, 134 S. Ct. 881, 187 L. Ed. 2d 715 (2014).

In the circumstances of Paroline, the Court reasoned that but-for causation would be contrary to both the punitive and the compensatory purposes of restitution. 134 S. Ct. at 1726-27. Such a standard would fail to recompense the victims that child pornography statutes are enacted to protect. Id. at 1726. And it would also "leave offenders with the mistaken impression that child-pornography possession (at least where the images are in wide circulation) is a victimless crime." Id. at 1727. The Paroline Court accordingly applied a form of aggregate causation and held that, where a child victim suffers from the ongoing trade in her images, each possessor of those images shares in causing the harm. Id. at 1726. The Court rejected joint and several liability but held that restitution should be based on "the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." Id. at 1728.

6

Paroline is strikingly similar to this case. In both cases, the defendant pleaded guilty to possession of child pornography, including images of an identified child victim. The child victim in each case suffers on-going injury and economic loss from the continued distribution of her images. In both cases, the defendant is only one of an unknown number of persons who have obtained pornographic images of the victim's sexual abuse. As in Paroline, applying but-for causation in the present case would preclude restitution, contrary to both the compensatory and punitive aims of the statute.

However, Velezmoro contends that this court has explicitly required but-for causation. This court has stated that causation is shown by establishing that but for the defendant's conduct the victim's loss would not have occurred. See, e.g., Harris, 181 Wn. App. at 974 ("The State must establish by a preponderance of the evidence that the victim's loss would not have occurred 'but for' the crime."); State v. Thomas, 138 Wn. App. 78, 82, 155 P.3d 998 (2007) ("To prove a defendant's crime caused the victim's loss, the State must establish the loss would not have occurred but for the crime.") (citing State v. Hahn, 100 Wn. App. 391, 399, 996 P.2d 1125 (2000)). But the essential requirement is a causal connection between the crime and the victim's loss. RCW 9.94A.753(5) (restitution is mandatory for all offenses that "result[] in injury"). See also Kinneman, 155 Wn. 2d at 286 ("Restitution is allowed only for losses that are causally connected to a crime...").

Like Washington courts, federal courts traditionally apply a but-for analysis to determine actual causation. See Paroline, 134 S. Ct. at 1722. But in Paroline,

7

the Supreme Court drew on alternatives to but-for causation recognized in tort law. Id. at 1723. For example, one torts treatise explains that "'when the conduct of two or more actors is so related to an event that their combined conduct, viewed as a whole, is a but-for cause of the event, and application of the but-for rule to them individually would absolve all of them, the conduct of each is a cause in fact of the event.'" Id. (quoting W. Keeton Dobbs, R. Keeton, D. Owens. Prosser and Keeton on Law of Torts, § 41, at 268 (5th ed. 1984)). The Paroline Court concluded that the principles underlying such alternative measures of causation applied in the circumstances of that case. Id. at 1726.

Washington courts have also recognized alternatives to but-for causation in tort law. In a case involving pesticides sprayed by crop-dusting airplanes, the Supreme Court upheld a jury instruction reflecting aggregate causation. Hue v. Farmboy Spray Co. Inc., 127 Wn.2d 67, 90-93, 896 P.2d 682 (1995). The Hue court held that the plaintiffs properly argued that the defendant's pesticide was "'part of a cloud that then was the proximate cause of damage.'" Id. at 91 (quoting Supplemental Report of Proceedings at 336-37). The Hue court rejected the argument that the plaintiffs were required to show that an individual defendant's product was a but-for cause of injury. Id. Similarly, in Mavroudis v. Pittsburgh-Corning Corp., 86 Wn. App. 22, 28-33, 935 P.2d 684 (1997), this court rejected the argument that the plaintiff in an asbestos case was required to prove that but for exposure to the defendant's specific product, his injury would not have occurred. See also Cox v. Spangler, 141 Wn.2d 431, 443-44, 5 P.3d 1265 (2000) (approving a burden-shifting analysis in apportioning fault "[w]here the

tortious conduct of two or more actors has combined to bring about harm to the plaintiff . . . .") (quoting RESTATEMENT (SECOND) OF TORTS §433B (1965)).

In the circumstances of this case, a but-for analysis produces results inconsistent with the purposes of the restitution statute. Like the Paroline Court, we conclude that principles of alternative causation applicable in tort law are relevant in such circumstances. While the but-for analysis is the general test for actual causation, in the circumstances here, the trial court did not abuse its discretion in following the Paroline approach.

Velezmoro next argues that Paroline is inapposite because it interprets the federal restitution statute, not the Washington statute. He asserts that the statute at issue in Paroline, 18 U.S.C. §2259, is "a specialized federal statute with an alternative concept of causation." App. Br. at 11.

The statute at issue in Paroline makes restitution mandatory for the full amount of losses "suffered by the victim as a proximate result of the offense." 18 U.S.C. §2259(b)(3)(F). The term "victim" refers to "the individual harmed as a result of a commission of a crime under this chapter. . . ." 18 U.S.C. §2259(c). The Washington restitution statute, RCW 9.94A.753, applies "whenever the offender is convicted of an offense which results in injury to any person. . . ." RCW 9.94A.753(5). Restitution is mandatory "unless extraordinary circumstances exist which make restitution inappropriate. . . ." RCW 9.94A.753(5).

Both the federal and the Washington statute require a causal connection between the victim's injury and the offender's crime by using the word "result."

9

See <u>Burrage v. United States</u>, 134 S. Ct. at 888 (stating that the phrase "results from" imposes a requirement of actual causation). The federal statute requires restitution when a person is "harmed as a result of a commission of a crime. . . ." 18 U.S.C. §2259(c). The Washington causation provision similarly requires restitution when a criminal offense "results in injury to any person." RCW 9.94A.753(5). The cause in fact provisions of the two statutes are essentially the same. We reject Velezmoro's assertion that the federal statute expresses an alternative concept of causation.

Next, Velezmoro appears to argue that the Washington restitution statute does not apply to the offense of possession of child pornography. He contrasts the location of the federal statute with that of the Washington statute. The federal statute is located within a chapter addressing sexual exploitation of children and specifically applies to offenses under that chapter, including possession of child pornography. The Washington statute, on the other hand, is located within the general Sentencing Reform Act.

The Washington restitution statute is not limited to specific crimes but applies "whenever the offender is convicted of an offense which results in injury to any person. . . ." RCW 9.94A.753(5). To accept Velezmoro's assertion that the restitution statute does not apply to possession of child pornography, we would have to conclude that that offense does not result in injury to the child victim. This is contrary to the intent of chapter 9.68A RCW, the chapter criminalizing sexual exploitation of children.

In a statement of findings and intent, the legislature stated its purpose to protect children from the harms of sexual exploitation and abuse. RCW 9.68A.001. Every instance of viewing child pornography is "a renewed violation" and "a repetition of their abuse." RCW 9.68A.001(3). Protecting children from these harms is of such importance that the legislature amended the chapter to specify that the unit of prosecution for possession of child pornography is per incident. RCW 9.68A.001. Given these legislative findings, it is not reasonable to conclude that possession of child pornography is a victimless crime to which the restitution statute does not apply. We reject Velezmoro's argument.[3]

We conclude that the trial court did not err in ordering restitution. The restitution statute requires a causal connection between the crime and the injury. While the but-for test is the general test for actual causation, the trial court did not err in applying an alternative causation analysis in the circumstances here.

Velezmoro next argues that the trial court erred in setting the amount of restitution. The Washington restitution statute provides for an amount of restitution based on "easily ascertainable damages." RCW 9.94A.753(3). Easily ascertainable damages include "actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury." RCW 9.94A.753(3).

---

[3] Velezmoro also argues that the restitution statute specifically addresses the crime of rape of a child. He asserts that, if the legislature intended the statute to apply to possession of child pornography, it would have created a section specifically addressing that crime. This argument is without merit. The section of the restitution statute concerning rape of a child, RCW 9.94A.753(6), specifies that, where a child rape victim becomes pregnant, restitution must include all of the victim's medical expenses and support for a child born as a result of the rape. RCW 9.94A.753(6). The provision has no bearing on application of the restitution statute to the crime of possession of child pornography.

The State must produce substantial evidence to support a claim of loss. State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008) (citing State v. Fleming, 75 Wn. App. 270, 274-75, 877 P.2d 243 (1994)). If a defendant disputes the amount of restitution, the State must prove the damages by a preponderance of the evidence. Id. (citing Kinneman, 155 Wn.2d at 285). Evidence is sufficient if it affords a reasonable basis to estimate the loss and does not depend on "'mere speculation or conjecture.'" Id. (quoting State v. Hughes, 154 Wn.2d 118, 154, 110 P.3d 192 (2005)). The State need not establish the amount of loss "with specific accuracy." Kinneman, 155 Wn.2d at 285.

In this case, the trial court considered evidence of the losses Vicky suffered as a result of the ongoing distribution of her images. The evidence included psychological reports diagnosing post-traumatic stress disorder and documenting her need for counseling; account statements showing her counseling expenses; victim impact letters; and an economist's calculation of lost wages. Vicky calculated her actual losses for counseling and lost wages at $246,658. She requested restitution in the amount of $5000 as a reasonable apportionment for Velezmoro's share in her injury.

Prior to the restitution hearing, Velezmoro disputed Vicky's calculation, arguing that losses incurred before his charged offense could not properly be included. Vicky disputed this position, but submitted a second calculation showing her post-offense losses at $183,819.

Velezmoro also asserted that Vicky had already received restitution for the full amount of her losses from other defendants. In response, Vicky noted that,

unlike the Washington statute, the federal restitution statute allows for recovery of future lost wages, litigation expenses, and attorney's fees. She stated her losses under the federal statute amounted to $1,084,053. She had been awarded $692,548 in federal restitution and had approximately $391,500 in unrecovered losses. Comparing the amounts eligible under the Washington and the federal statutes, Vicky calculated that Washington allowed restitution for 17 per cent of the losses eligible under the federal statute. Vicky applied the same ratio to her uncompensated losses and determined that the portion of unrecovered losses eligible for restitution in Washington amounted to $66,085. Her request for $5000 restitution as a reasonable apportionment from Velezmoro remained unchanged.

The trial court awarded $5000 in restitution. The trial court stated that it was awarding restitution as recovery for Vicky's actual losses and that it found $5000 to be a reasonable apportionment for Velezmoro's share in those losses.

Velezmoro argues that the trial court abused its discretion because the $5000 was a speculative amount. He relies on cases in which courts have reversed an award of restitution because the State failed to prove a causal connection between the amount of restitution ordered and the defendant's specific offense. For example, in Griffith, the victims lost valuables including several expensive pieces of jewelry in a home burglary. Griffith, 164 Wn.2d at 962-63. Griffith sold a pearl necklace taken in the burglary to a pawnshop and, based on the incident, pleaded guilty to trafficking in stolen property. Id. at 963. The trial court ordered Griffith to pay $11,500 as restitution for all of the victims' missing jewelry. Id. at 964. But the Supreme Court reversed because the State

13

had produced no evidence that Griffith possessed the victims' unrecovered rings and necklaces. Id. at 967. See also State v. Dedonado, 99 Wn. App. 251, 991 P.2d 1216 (2000) (reversing an award of restitution where the State did not show a causal connection between the defendant's offense and the damages).

Velezmoro's cases are inapposite because they do not address the circumstances of this case. In following the Paroline approach, the trial court must use its discretion to award restitution for a share of the victim's losses. The Paroline Court declined to "prescribe a precise algorithm for determining the proper restitution," but held that the trial court should assess "an individual defendant's role in the causal process behind a child-pornography victim's losses. . . ." Paroline, 134 S.Ct. at 1728. The Paroline Court suggested "a variety of factors district courts might consider" in assessing restitution, including the number of past defendants found to have contributed to the victim's losses, the broader number of offenders involved, reasonable predictions of the number of future offenders likely to be convicted, and how many images of the victim the defendant possessed. Id. But the Court emphasized that these factors were merely "rough guideposts." Id. In remanding for assessment of restitution, the Court instructed that the award should be more than a "token" but should not be "severe." Id. at 1727.

In this case, the trial court considered evidence establishing the amount of Vicky's losses caused by the ongoing distribution of her images. The court inquired as to the amount of unrecovered losses. The trial court exercised its discretion and found $5000 to be a reasonable share of Vicky's losses

14

considering Velezmoro's role in creating a market for Vicky's images. The amount is less than 10 per cent of Vicky's unrecovered loss eligible for restitution under Washington law. The award is based on proper grounds and is not manifestly unreasonable. We conclude that the trial court did not abuse its discretion.

But Velezmoro asserts that the trial court abused its discretion even under the Paroline approach. He argues that the trial court failed to consider the factors enumerated in Paroline and thus failed "to engage in the sort of calculation required by that decision." App. Br. at 13-14. We reject this argument because the Paroline Court expressly and repeatedly declined to fix a "rigid formula" for assessing restitution. Paroline, 134 S.Ct. at 1728. While the Paroline Court proposed factors for the trial court to consider, it notably did not require the trial court to weigh these factors on the record.

Velezmoro next argues that the trial court abused its discretion in relying on Vicky's calculations. He contends that Vicky's calculations are inapposite because she fails to prove the share of her damages caused by possession of her images in Washington. He also asserts that the restitution Vicky has already received has more than compensated her for those losses allowable under Washington law, so that she has no unmet loss.

Velezmoro's argument is untenable because, in a case where child pornography has been distributed to an unknown number of viewers throughout the country and internationally, it is impossible to determine the share of the

15

victim's damages caused by Washingtonians. And it is unclear why Velezmoro would have restitution ordered under federal law apply first to damages eligible under Washington law, so that Vicky has no unmet loss in Washington. We reject Velezmoro's arguments concerning Vicky's calculations.

Finally, Velezmoro argues that, if he does not prevail, this court should not authorize any costs of appeal. This court may require an appellant in a criminal case to pay appellate costs. RCW 10.73.160(1). We may consider appellate costs when the appellant raises the issue in briefing. State v. Sinclair, 192 Wn. App. 380, 385, 367 P.3d 612, rev. denied, 185 Wn.2d 1034, 377 P.3d 733 (2016). When the trial court has determined that the appellant is indigent, indigency is presumed to continue throughout the appeal. Id. at 393.

The trial court determined that Velezmoro was indigent. The State makes no argument concerning appellate costs and presents no evidence to rebut the presumption that Velezmoro is indigent. We decline to award costs of appeal to the State.

Affirmed.

WE CONCUR:

_Specimen, J._

_Becker, J._

16