# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>        Respondent,<br><br>v.<br><br>JAMIE ALLEN WALLS,<br><br>        Appellant. | No. 77118-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: January 14, 2019 |



MANN, A.C.J. — Jamie Walls appeals the trial court's order requiring him to pay restitution to Matthew Justiniano, the owner of a pistol Walls stole. Walls argues that the trial court erred in ordering restitution because the pistol could have been returned to its owner. We affirm.

I.

On December 5, 2014, Walls was served with a no-contact order stemming from an arrest for assaulting his estranged wife Emma.[1] That same day, Walls visited Justiniano, the former roommate of one of his friends. Walls asked to look at Justiniano's firearms and Justiniano showed Walls a Ruger .380 pistol with a laser sight. While Justiniano was in the bathroom, Walls stole the pistol and ran from the apartment.

---

[1] Because the parties share the same last name, we refer to Emma Walls by her first name.

Walls subsequently used the pistol in an incident in which he unlawfully entered Emma's home and threatened to kill her and her boyfriend. Walls admitted that he had stolen the pistol used in the incident from Justiniano. The King County Sheriff's Office recovered the pistol at the scene and placed it into evidence.

Walls pleaded guilty to first degree attempted murder, first degree burglary, second degree assault, unlawful imprisonment, and theft of a firearm, amongst other crimes. As part of his plea agreement, Walls agreed to pay restitution.

The State sought restitution for the loss of Justiniano's pistol. Walls objected, arguing that the sheriff's office possessed the firearm and could simply return the firearm to Justiniano. The State asserted that, "under the circumstances of a crime such as murder or an attempted murder," the policy of the sheriff's office was to retain evidence indefinitely in the event of a retrial. The State cited as an example the reversal of over a hundred murder convictions in King County following In re Pers. Restraint of Andress, 147 Wn.2d 602, 56 P.3d 981 (2002).

> So in essence, Mr. Justiniano has permanently lost that firearm because the sheriff's office is going to retain it as evidence in this case indefinitely. And I would also say that quite frankly, Mr. Walls, despite the fact that there is very little chance that that evidence is going to come back to have to be used in trial, quite frankly, the sheriff's office is not under any obligation to take any chances with it to save Mr. Walls $440. [2]

The trial court ordered Walls to pay approximately $440 in restitution to Justiniano for the loss of the pistol. Walls appeals.

---

[2] The State also asserted that Walls was under investigation for a series of bank robberies and speculated that the pistol could possibly become relevant evidence in other cases:
> And I don't think there's anything to suggest that this gun would have been used in any of those robbery attempts, but the point being that Mr. Justiniano isn't required to take back a firearm without having known what Mr. Walls was doing with it for several months and risk having it having been involved in any other criminal activity.

2

II.

Walls argues that the trial court erred in ordering restitution for the pistol. "A trial court's order of restitution will not be disturbed on appeal absent abuse of discretion." State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). Discretion is abused only when exercised in a manifestly unreasonable manner or on untenable grounds. State v. Enstone, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999).

"Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." RCW 9.94A.753(5). Restitution is only allowed for losses "causally connected" to the charged crime. State v. Kinneman, 155 Wn.2d 272, 286, 119 P.3d 350 (2005). In general, a causal connection exists if, but for the crime, the victim would not have incurred the loss.[3] State v. Griffith, 164 Wn.2d 960, 966, 195 P.3d 506 (2008). However, there is no requirement that the victim's damages be foreseeable. Enstone, 137 Wn.2d 682-83.

Restitution is both punitive and compensatory. Kinneman, 155 Wn.2d at 279-80. One aim of restitution is "to require the defendant to face the consequences of his or her criminal conduct." State v. Velezmoro, 196 Wn. App. 552, 557, 384 P.3d 613 (2016) (quoting Tobin, 161 Wn.2d at 524). Because the restitution statute is interpreted to carry out statutory intent, this court does "not engage in overly technical construction that would permit the defendant to escape from just punishment." Tobin, 161 Wn.2d at 524. The legislature intended "to grant broad powers of restitution" to the trial court.

---

[3] This court has utilized principles of alternative causation in certain circumstances not relevant here. See State v. Velezmoro, 196 Wn. App. 552, 384 P.3d 613 (2016), review denied, 390 P.3d 345 (2017).

Tobin, 161 Wn.2d at 524 (quoting State v. Davison, 116 Wn.2d 917, 922, 809 P.2d 1374 (1991).

Walls argues that restitution should not be ordered because he is not the "but for" cause of the loss of the pistol. Rather, Walls contends, "the King County Sheriff's Office policy is responsible for the loss." But the pistol was taken into evidence because Walls stole it and used it to commit other crimes. But for Walls's conduct, Justiniano would not have incurred the loss of the pistol. While the decision of the King County Sheriff's Office to permanently retain the pistol in evidence may not have been foreseeable to Walls, a finding of foreseeability is not a necessary element of a restitution order. See, e.g., Enstone, 137 Wn.2d at 680 (restitution was properly ordered for life-threatening injury even if it was unforeseeable and victim's intoxication may have contributed to the injury); State v. Lohr, 130 Wn. App. 904, 125 P.3d 977 (2005) (contributory negligence of a hotel was irrelevant to defendant's liability for extensive damage caused by leaving a lit candle burning in a hotel room, resulting in a conviction for reckless burning).

Walls asserts that "relevant statutes pertaining to stolen property generally, and firearms specifically, envision the return of that property to the owner." Citing RCW 10.79.050, RCW 9.41.098(3), and RCW 63.40.010, Walls contends that the sheriff's office had a mandatory duty to return the gun to Justiniano. But this issue was not raised in the trial court and, therefore, has not been preserved for review. RAP 2.5(a).[4]

---

[4] In any event, the statutes cited by Walls do not control our analysis. RCW 10.79.050 involves the requirement that stolen property be returned to the rightful owner in the event of the good faith purchase of that property by an innocent buyer. RCW 9.41.098(3) involves a trial court's authority to order the forfeiture of a firearm used in a crime. And RCW 63.40.010 involves the disposition of unclaimed property by a law enforcement agency. None of these statutes govern a law enforcement agency's authority to retain a firearm used in a crime in evidence.

Affirmed.

_____ Mann, ACJ _____

WE CONCUR:

_____ Andrus, J. _____          _____ [signature] J _____