**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81845-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| TAMI MICHELLE REEVES, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Tami Reeves appeals the trial court's judgment and sentence requiring her to pay restitution to the State of Washington's "Drug Task Force," arguing that the State is not a "victim" under RCW 9.94A.753(3). We agree, and remand to the trial court to strike the Drug Task Force restitution.

I.

The State charged Reeves with one count of violation of the uniform controlled substances act: delivery, in violation of RCW 69.50.401(1) and (2)(b). The charge arose from a controlled buy of methamphetamine, orchestrated by the Cowlitz Wahkiakum Narcotics Task Force, using a confidential informant.

Citations and pin cites are based on the Westlaw online version of the cited material.

A jury convicted Reeves as charged and the court imposed 72 months of confinement followed by 12 months of community custody. Defense counsel agreed to the imposition of a $40 Drug Task Force restitution. The court also imposed a $500 mandatory "Victim assessment" fee. Reeves appeals.

II.

Reeves argues that the State was not a "victim" entitled to restitution in her case, and that her counsel was deficient in agreeing to the imposition of the Drug Task Force restitution. We agree.

A.

We reverse a court's sentencing decision only if we find a clear abuse of discretion or misapplication of the law on appeal. State v. Porter, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). The trial court's authority to award restitution is based purely on statute. State v. Smith, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992).

"Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury." RCW 9.94A.753(3). There must be a causal connection between the caused crime and damages that resulted from that crime. State v. Tobin, 161 Wn.2d 517, 527, 166 P.3d 1167 (2007).

The trial court may only award restitution to victims. State v. Kinneman, 122 Wn. App. 850, 866, 95 P.3d 1277 (2004). A victim is defined as "any person who has sustained emotional, psychological, physical, or financial injury to person or property as a direct result of the crime charged." RCW 9.94A.030(54). An individual or an entity is

a victim if the defendant's offense either (1) directly victimized them or (2) the offense caused the individual or entity to incur expenses to assist others directly victimized. State v. Cawyer, 182 Wn. App. 610, 617, 330 P.3d 219 (2014).

While the State may be a victim for restitution purposes, here, Reeves's crime did not harm the State in a way that would justify such an award. In Tobin, for example, our Supreme Court upheld the State's extensive investigative, administrative, and resurveying costs as proper restitution when the defendant illegally harvested a large amount of crab and geoduck from Puget Sound. 161 Wn.2d at 527. The trial court did not include the ordinary investigation costs incurred by the detectives, but only the investigation costs required to determine the actual loss resulting from the defendant's illegal harvesting. Tobin, 161 Wn.2d at 522, 528. The court determined that this award was proper because the defendant's actions caused extensive State environmental loss, thus directly victimizing the State. Tobin, 161 Wn.2d at 529.

In contrast, in Cawyer, the court held that the State's costs for extraditing the defendant were not proper restitution awards under RCW 9.94A.753. 182 Wn. App. at 615. This was so, because Cawyer was convicted of custodial interference—an offense that victimized her former husband and children. The court determined that because Cawyer's offense neither directly victimized the State, nor caused the State to incur expenses to assist those directly victimized by the offense, restitution was improper. Thus the extradition costs related to Cawyer's prosecution and were not properly awarded as restitution. 182 Wn. App. at 618.[1]

---

[1] While the State relies on State v. Forbes, 43 Wn. App. 793, 799, 719 P.2d 941 (1986), this case examined restitution as condition of probation, and does not have the same "victim" requirement under RCW 9.94A.753(3).

Reeves's case is more analogous to Cawyer because her crime did not directly victimize the State, or cause the State to incur expenses to assist others directly victimized by the offense. Any costs incurred by the task force constituted ordinary investigation costs. Reeves delivered a small amount of methamphetamine in a controlled buy; the task force did not incur any direct damages as in Tobin. For these reasons, the State was not a victim under RCW 9.94A.753(3).

B.

Reeves argues that her counsel's failure to challenge the Drug Task Force restitution at trial denied her the right to effective assistance of counsel. We agree.

To establish ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Grier, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Representation is deficient, if after considering all the circumstances, it falls below an objective standard of reasonableness. Grier, 171 Wn.2d at 34. Prejudice exists if there is a reasonable probability but for counsel's errors, the result of the proceeding would be different. Grier, 171 Wn.2d at 34.

"Reasonable conduct for an attorney includes carrying out the duty to research the relevant law." State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). This includes statutes governing the imposition of restitution. State v. Hassan, 184 Wn. App. 140, 151-52, 336 P.3d 99 (2014) (a defendant has the right to effective assistance of counsel at a restitution hearing).

Reeves's counsel was deficient in failing to object to the imposition of the Drug Task Force restitution because the State was not a victim under RCW 9.94A.753(3). Imposition of the Drug Task Force restitution prejudiced Reeves. When trial counsel's deficient performance leads the trial court to impose restitution in excess of its statutory authority, the remedy is to remand with instructions to strike the unlawful amount. Hassan, 184 Wn. App. at 140, 152-53.

We remand to the trial court to strike the imposition of the Drug Task Force restitution.

_____
Mann, C.J.

WE CONCUR:

_____          _____
Dwyer, J.                                  Appelwick, J.