IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 78104-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSHUA WILLIAM PAINTER, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: June 10, 2019 |

HAZELRIGG-HERNANDEZ, J. — In most instances, the trial court wields broad discretion in both finding a factual basis for and imposing restitution. The crime victims' compensation act[1] limits this discretion, requiring that restitution be imposed when the crime victims' compensation program has compensated a crime victim for losses resulting from an offense. Because the trial court failed to recognize that it had discretion to order partial restitution in this case, we reverse.

## FACTS

Joshua W. Painter struck James Dulaney with his truck and fled the scene. After a series of strange events including two reported burglaries, a car fire, and a police chase, Painter was apprehended by law enforcement. He was charged with first degree assault, hit and run injury accident, and attempting to elude a pursuing police vehicle. Painter entered a plea of guilty pursuant to North Carolina v.

---

[1] Chapter 7.68.170, RCW

Alford.[2] The court found that an exceptional sentence was justified because Painter had "documented [m]ental [h]ealth diagnoses that Dr. Mark McClung found made it likely that the defendant was experiencing an episode of mania with psychotic features at the time of this incident." He was sentenced to a total of 73.5 months of confinement.

At a subsequent restitution hearing, the State requested restitution in the amount of $432,046.13. Of that total, Dulaney requested $83,139.45 for lost wages and other expenses; the crime victims' compensation program requested $18,381.31; and Zenith American Solutions, Dulaney's insurer, requested $330,525.37. Dulaney had qualified for benefits under the crime victims' compensation program and had received compensation for some of his out-of-pocket medical expenses from the program. Painter requested that the court limit restitution to the amount requested by Dulaney. He argued that the court had discretion to impose less than the full requested amount of restitution because Painter's mental illness and indigency constituted extraordinary circumstances. In its briefing, the State argued that these were not qualifying extraordinary circumstances and asked the court to impose the full requested restitution.

Because the factual basis for the restitution request was not disputed, the court framed the issue as whether the order should limit restitution to Dulaney's request because Painter did not have the means to pay the full amount requested. The court felt it was important that Dulaney received restitution before the crime victims' compensation program or the insurance company, especially considering

---

[2] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Painter's likely inability to pay full restitution. The court ordered the full amount of requested restitution, reasoning that the restitution statute did not contain the same explicit exception for restitution to large financial institutions as the comparable provision of the juvenile code.

After the court's oral ruling, defense counsel specifically asked whether the court believed that it did not have any discretion to limit the restitution order to Dulaney's losses. The State acknowledged that the case law would allow the court discretion to impose no restitution, but it was not clear whether the court had the discretion to order partial restitution. The court disagreed and thought that its discretion extended only to the factual determination of whether there was a factual basis for the restitution and no further:

> I think the logic is that assuming you have the factual basis, which I concluded here, I think the Court is obligated to order full restitution. So I am ordering it because I think that really the statute does not give me discretion to go less just because I think it's maybe the right thing to do or appropriate given the circumstances.

The restitution order specified that the clerk shall apply all restitution monies received to Dulaney until totally paid, and then apply payments to the remaining recipients in equal payments.

## DISCUSSION

Painter contends that the trial court erred in failing to recognize that it had discretion to limit the amount of restitution awarded. He also argues that the court erred in imposing a criminal filing fee on an indigent defendant. We agree and reverse the order of restitution.

I.       Restitution Award

We will not disturb the trial court's entry of a restitution order on appeal absent an abuse of discretion. State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007).  The trial court abuses its discretion when it applies an incorrect legal standard or erroneous view of the law, even if the court's decision is reasonable. Id.; State v. Cawyer, 182 Wn. App. 610, 616, 330 P.3d 219 (2014).

The court's authority to order restitution derives entirely from statute. Tobin, 161 Wn.2d at 523.  When a person is convicted of an offense that "results in injury to any person or damage to or loss of property," the court shall order restitution "unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record." RCW 9.9A.753(5) (emphasis added).  The plain language of the statute allowing the court to employ its judgment indicates that the court has discretion to decide whether imposition of restitution is appropriate.

However, this discretion is limited in certain instances.  "Regardless of the provisions of subsections (1) through (6) of this section, the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act." RCW 9.94A.753(7) (emphasis added).  If the court fails to order restitution in this situation, the department that administers the crime victims' compensation program may petition the court for entry of the order. RCW 9.94A.753(7).  It is clear from the language of this provision that the court does not have discretion to order no restitution in this instance, but it is not clear whether the court may order partial restitution or to whom the court must order restitution.

For clarification on these points, we look to the provision of the crime victims' compensation act concerning restitution. This statute states that "[a]ny payment of benefits to or on behalf of a victim under this chapter creates a debt due and owing to the department by any person found to have committed the criminal act." RCW 7.68.120. This same section reiterates that the department shall petition for entry of a restitution order if the court fails to enter one. RCW 7.68.120. The requirement for payment to the department may be "waived, modified downward, or otherwise adjusted <u>by the department</u> in the interest of justice, the well-being of the victim, and the rehabilitation of the individual." RCW 7.68.120(5) (emphasis added). The statute does not provide for any modification of the restitution order by the court. Reading this statute in conjunction with RCW 9.94A.753(7), it appears that the court is obligated to order restitution to the crime victims compensation program in the amount that the program paid to the victim. The court did not err in finding that it had no discretion to limit restitution to the crime victims' compensation program.

When parties other than the crime victims' compensation program request restitution, however, the court has discretion to decide whether and how much restitution is appropriate. Washington courts have consistently acknowledged the trial court's discretion in determining appropriate restitution. The Supreme Court concluded that "[t]he very language of the restitution statutes indicates legislative intent to grant broad powers of restitution." <u>State v. Davison</u>, 116 Wn.2d 917, 920, 809 P.2d 1374 (1991). When trial courts are statutorily authorized to order restitution, they have discretion to determine the amount of restitution. <u>State v.</u>

Dedonado, 99 Wn. App. 251, 256, 991 P.2d 1216 (2000). The court noted that RCW 9.9A.753(5) "accords discretion to the trial court to refuse to order restitution" with a finding of extraordinary circumstances. State v. Enstone, 137 Wn.2d 675, 682, 974 P.2d 828 (1999). Division Three of this court interpreted this provision to allow trial courts "to not order restitution or reduce the restitution amount" in extraordinary circumstances. State v. Lohr, 130 Wn. App. 904, 909, 125 P.3d 977 (2005).

The plain language of the statute and its interpretation by Washington courts do not indicate that the court's discretion ends once it finds a factual basis for a restitution order. Even when the court finds that there is a factual basis to support a restitution order, the court may still make the discretionary determination that extraordinary circumstances exist which make restitution inappropriate and choose to reduce the restitution order accordingly.

In this case, it is clear from defense counsel's diligent preservation of the record that the trial court did not believe it had any discretion to impose less restitution than was supported by the facts. Because the court failed to recognize its own discretion, it applied an erroneous view of the law when imposing the restitution order. The order is vacated and the case remanded for a new restitution hearing. We do not decide whether Painter's mental illness and indigency constitute extraordinary circumstances that would make full restitution inappropriate.

II.    Filing Fee

Painter was ordered to pay a $200 criminal filing fee at sentencing. After entry of the judgment and sentence, the trial court found Painter to be indigent and lacking sufficient funds to prosecute an appeal. Painter contends that the filing fee should be stricken in accordance with the Supreme Court's opinion in State v. Ramirez, 191 Wn.2d 732, 426 P.3d 714 (2018). Although the State argues that the fee was properly imposed at the time of sentencing, the State concedes that the fee should be stricken in light of Ramirez. Because the parties do not dispute this issue, the $200 criminal filing fee should be stricken on remand.

We reverse.

WE CONCUR:

Andrus, J.